ROSENBERGER v. JONES *et al., Appellants.*

Division One, December 11, 1893.

1. **Sheriff's Sale:** PURCHASER: DEBTORS' INTEREST. A purchaser of land at a sheriff's sale acquires only the interest owned by the debtor.

2. **Statute of Frauds:** EQUITABLE ESTATE. The statute of frauds applies to equitable as well as to legal estates.

3. ———: ———: ESTOPPEL. Where one, however, sells an equitable interest in land, receives the consideration and yields the possession he will not be permitted to say the assignment was not in writing.

4. **Specific Performance:** EXECUTORY CONTRACT. A purchaser of land at a sheriff's sale is not entitled to a specific performance of the debtor's executory contract to purchase on tendering to his vendor merely the sum due as the purchase price of the land, where it appears that the vendor advanced money to the vendee to enable him to build a house on the land under an agreement that no deed should be executed until the vendee had paid the purchase price and refunded the money advanced.

5. ———: ———: JUDGMENT LIEN. Where the vendee of land under an: oral contract to purchase it transfers all his interest to a third person who orally assumes the debts incurred by the vendee in its purchase and improvement, a subsequent judgment against the vendee does. not become a lien on the land by reason of the fact that the contract to purchase and the agreement to transfer were afterwards reduced to writing to enable the transferee to raise the money with which to pay off the debts.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*Johnson, Smith & Drunert* for appellant.

(1) The facts stated in the plaintiff's petition should be clear, definite and positive, such as to leave no room or reasonable grounds for hesitancy, in the mind of chancellor, as to his right to recover. Defendant's demurrer should have been sustained. *Forrister v. Scoville*, 51 Mo. 268. *Hagman v. Shaffner*, 88 Mo. 24. (2) The purchaser at an execution sale, acquires no greater interest or right in the property sold than had the judgment or execution debtor, and in an action by the purchaser for specific performance, a defense good as against the judgment or execution debtor is good as against the purchaser. A defense good against McClure is good against the plaintiff. *Burke v. Seely*, 46 Mo. 334. *Hagman v. Shaffner*, 88 Mo. 24. (3) The person purchasing land, with knowledge of a prior contract or agreement on the part or the vendor, is chargeable with all the equities arising therefrom. *Hagman v. Shaffner*, 88 Mo. 24. (4) The plaintiff purchased with full notice and took subject to prior and existing equities. *Hagman v. Shaffner*, 88 Mo. 24; *Linville v. Savage*, 58 Mo. 248, 256. (5) The plaintiff had no better claim than the defendant McClure

would have had, in an action for specific performance, against the defendants, Juliet A. and J. L. Jones. *Burke v. Seely*, 46 Mo. 334. *Hagman v. Shaffner*, 88 Mo. 24. (6) The chancellor will deny the plaintiff's prayer and dismiss the bill, when the evidence discloses an outstanding equity that would render a decree, as prayed for, ineffectual. The equity of third parties must be considered. Intervening equities when disclosed must be considered. *Hagman v. Shaffner*, 88 Mo. 24; *Brueggeman v. Jergenson*, 24 Mo. 87. (7) The court could not inquire into the *bona fides* of transactions made with persons not parties to the suit. *Brueggeman v. Jergenson*, 24 Mo. 87. (8) Defendant's demurrer to plaintiff's evidence should have been sustained. The defendant, McClure, had no vendable interest in said premises. *Burke v. Seely*, 46 Mo. 334; *Quell v. Hanlin*, 81 Mo. 441; *Morgan v. Bouse*, 53 Mo. 219; *Broadwell v. Yantis*, 10 Mo. 398. (9) An equitable chose in action is not a subject of levy and sale under execution. *McIlvane v. Smith*, 42 Mo. 45. (10) The bill should have been dismissed. The answer of defendants and the equities presented by defendant's were amply sustained by the evidence. *Burke v. Seely*, 46 Mo. 334. (11) Bills for the specific performance appeal to the conscience and discretion of the court, and it would be altogether against conscience to take this property from defendants and give it to plaintiff upon payment merely of ($80.00 and interest) a nominal sum. *Burke v. Seely*, 46 Mo. 334. (12) There is no equity in the plaintiff's case. There is no charge of fraud, or wrongdoing, by anyone, in any of the transactions pertaining to the sale of the lot, or the loan, or advancement of the $250, which was used in the. house and improvements, or the advancement of the $157 by Godfrey. *Burke v.*

Vol. 118—36

*Seely*, 46 Mo. 334. (13) A court of equity in adjusting property rights must treat the titles as it finds them to be, whether properly set forth in the pleadings or not. *Ames v. Scudder*, 11 Mo. App. 168; *Ames v. Scudder*, 83 Mo. 189. (14) It is a well recognized principle of equity, that a creditor who, in order to preserve his own security, is compelled to pay a prior incumbrance held by another, will be subrogated to the rights of such creditor, to the extent necessary, for his own protection. *Reyburn v. Mitchell*, 106 Mo. 365, and case cited; *Lewis v. Chapman*, 59 Mo. 371. (15) One who seeks to enforce an equity, must take it subject to prior equities. The plaintiff took McClure's interest, if he had any, subject to all its infirmities and burdened with all the equities existing and incident to it. *Linville v. Savage*, 58 Mo. 248. (16) He who seeks equity must come into a court of equity with clean hands. He cannot come tainted with inequity. *Cassidy v. Metcalf*, 1 Mo. App. 593.

*J. D. Barnett* for respondent.

(1) The demurrer was properly overruled. The petition states a complete cause of action. It states all the facts to establish the contract and the plaintiff's right to recover. *Despain v. Carter*, 21 Mo. 331; *Charpiot v. Sigerson*, 25 Mo. 63; *Anderson v. Shockley*, 82 Mo. 250; *Adair v. Adair*, 78 Mo. 633. (2) If a party makes a verbal contract for the purchase of land, and in pursuance of said contract enters into the possession of the same and makes valuable and lasting improvements on the same and pays the purchase money, he is entitled to the specific performance of the contract. In support of this proposition the foregoing authorities apply also. (3) The defendant McClure had a vendible interest in the land. It is immaterial

whether it was a legal or equitable interest. Revised Statutes, 1879, secs. 2354, 2730, 2731 and 2767; *Eneberg v. Carter*, 98 Mo. 647. (4) The judgment lien attached October, 1883, and the land was levied upon before the lien had expired. The levy continued the lien until the writ was executed. *Riggs v. Goodrich*, 74 Mo. 108. (5) J. L. Jones acted as his mother's, Juliet A. Jones, agent in all her business transactions, and its was not necessary for her to authorize him in writing to contract for the sale of the land in order to bind her. Revised Statutes, 1879, sec. 2513. This section is now amended. Besides, she has ratified the contract throughout.

BLACK, P. J.—The plaintiff brought this suit against Juliet A. Jones and Joseph C. McClure to compel specific performance of a contract for the sale of two lots in the town of Jonesburg. The plaintiff claims the right to specific performance on the following facts: In the spring of 1883, the defendant Juliet A. Jones sold to the defendant McClure the two lots for $80 to be paid thereafter. McClure took possession and built a small dwelling house upon them, but failed to pay the purchase price. The plaintiff became the purchaser of the property at a sheriff's sale made in 1887, upon an execution issued on a judgment rendered on the twenty-ninth of October, 1883, against McClure. After his purchase he tendered to Juliet A. Jones the $80 and interest and demanded a deed, which she refused to execute, and hence this suit.

From the other evidence it appears Thomas Jones died in the fall of 1882. He left a will whereby he devised this and other property to his wife, Juliet A. Jones. He also left two sons, J. L. Jones and J. T. Jones, who lived with their mother, Juliet. McClure was a relative of the Jones family. J. L. Jones, acting as

executor of his father's will and as the agent of his mother, made the before mentioned sale of the lots to McClure. McClure took immediate possession and built the small house on them, and resided therein. He had no means of his own, and, to enable him to pay for the house, J. L. Jones loaned him $250, being money belonging to Mrs. Jones. At that time it was understood between McClure and J. L. Jones and Mrs. Jones that a deed should not be made to McClure until he paid the purchase price of the property and also the $250. The $250 were paid out by J. L. Jones in discharge of lumber and work bills, so that all of it went into the house. McClure was unable to pay for the property or to pay back the money borrowed, and he and J. T. Jones made a trade whereby McClure sold his contract to J. T. Jones, and the latter assumed and agreed to pay both debts. Pursuant to the agreement, McClure vacated the property and turned it over to J. T. Jones, who rented it out to different persons. There is some conflict in the evidence as to the date when McClure left the property, but it is all to the effect that he left and turned over possession to J. T. Jones before the date of the judgment under which the plaintiff claims, that is to say, before the twenty-ninth of October, 1883. The sale by McClure to J. T. Jones was made with the knowledge and approval of Mrs. Jones. The above transactions between McClure and Mrs. Jones and J. L. and J. T. Jones were of an informal character and rested in parol.

Thus matters stood until the seventh of November, 1883, which was after the date of the judgment, when a Mr. Wood presented a bill of $157 for lumber used in the house, and threatened to enforce his demand by way of a mechanic's lien. On that day McClure made his note for $80, payable to J. L. Jones, executor, and to Mrs. Jones, due in twelve months

after date, and J. L. Jones, as executor, gave McClure a contract in writing agreeing to convey the lots to McClure on payment of the note, the deed to be made by him as executor or by Mrs. Jones. At the same time, McClure, in writing, assigned this contract to a Mr. Godfrey to secure $157 borrowed by McClure to pay off the Wood lumber bill. On the first of February, 1884, McClure assigned the contract to J. L. Jones to secure the payment of the $250 and interest, and on the twenty-fifth of March, 1884, McClure, in writing, assigned the same contract to J. T. Jones, who agreed to pay the debts before mentioned, that is to say, the $80, the $250, and the $157, and the interest due thereon. J. T. Jones paid to Godfrey the $157 and interest.

There is no equity in the plaintiff's case. It is true McClure purchased the lots, took possession, and built the house upon them. As matters thus stood he had a contract which he could have enforced, though it was not in writing. But the proof is clear and the fact stands undisputed that he could not pay for the lots or refund the $250 borrowed of Mrs. Jones. Unable to pay these debts, he turned the property over to J. L. Jones, who assumed and agreed to pay them, and all this was done with the consent and approval of Mrs. Jones. There is no claim in the pleadings or in the evidence that this transaction was made in fraud of the creditors of McClure. The evidence shows that it was made in the utmost good faith. From the time McClure sold his claim, vacated the property, and turned over possession to J. T. Jones, he had no right or interest in the property; and the plaintiff is in no better position, for by his purchase at the sheriff's sale he only acquired such interest as McClure had.

But it is said this transaction between McClure and J. T. Jones is void, because within the statute of

frauds.   There is no doubt the statute of frauds applies
to equitable as well as legal estates, and as a rule
equitable estates can only be assigned by note or
memorandum in writing.   But as said by Judge BLISS
in *Grumley v. Webb*, 48 Mo. 586, one who sells an
equitable interest in land, receives the consideration,
and yields possession, will not be permitted to say
afterwards that the assignment was not in writing.
Here McClure sold his interest in the lots to J. T.
Jones, vacated the premises and put Jones in posses-
sion, on the faith of all which Jones had paid off at
least one of the debts which he assumed.   These facts
constitute such a part performance as to take the parol
sale out of the statute of frauds.

But there is another reason why the decree, which
was for plaintiff, cannot stand.   Mrs. Jones sold the
lots to McClure, and then through her son advanced the
$250 to McClure to pay for the house erected thereon.
This money was advanced upon the further agreement
and understanding that she was not to make a deed to
McClure until he paid the purchase price and refunded
the $250.   She had the right to demand and receive
payment of both amounts before making a deed.   The
plaintiff does not offer or propose to pay the $250 and
interest.   He only proposes to pay the $80 and interest,
and this is all the decree requires him to do.   To give
him the relief prayed for on such terms is inequitable
and unjust.   It is true, as urged by the plaintiff, that
the lots were sold to McClure at one time, and the
advancement of the money to pay for the house was
made at a later date, but both agreements were made
and the $250 advanced long before the date of the
judgment under which the plaintiff claims.   Indeed
the second agreement was but an addition to the first,
and they in reality became one contract.   If McClure
had not sold his equitable interest to J. T. Jones, the

plaintiff would be entitled to a decree only upon paying both amounts and all the accrued interest thereon. He would be required to perform the whole, not simply a part, of the contract.

It is again insisted by the plaintiff that McClure had an interest in the property which became subject to the lien of the judgment because of the written contract for the purchase of the lots which he received after the date of the judgment. This contract in writing executed by J. T. Jones to McClure, the assignment of it by McClure to Godfrey to secure the $157, the further assignment of it to J. L. Jones to secure the $250, and the out and out assignment of it to J. T. Jones for the consideration that the latter assumed and agreed to pay the said debts, did not change the rights of the parties. These transactions were all made for the purpose of reducing to writing the prior parol agreements, and to thereby enable the parties to borrow the $157 of Godfrey to discharge the lumber bill due to Wood. We cannot see that the rights of McClure in or to the property were enlarged in the least by the written contract of sale to him.

It is to be observed that J. T. Jones is not a party to this suit, but we deem it useless to remand the cause that he may be made a party and a further hearing had. The evidence shows clearly enough that plaintiff is entitled to no relief as against J. T. Jones. Indeed the plaintiff's case is as destitute of equity as was the plaintiff's case in *Burke v. Seely*, 46 Mo. 334. The judgment is, therefore, reversed and the petition dismissed. All concur.