NAGEL et al., Appellants, v. LINDELL RAILWAY COMPANY et al.

### Division One, February 19, 1902.

1. **Pleading:** BRIBERY IN OBTAINING FRANCHISE: GENERAL AVERMENTS. A petition which charges that an ordinance granting to one of the defendants a franchise to build a street railway was obtained by bribery, but does not specify who was bribed, nor who did the bribing, does not tender any issue, and does not state a cause of action which would authorize a court to hold such ordinance invalid and, hence, a demurrer, which admits only such facts as are well pleaded, should be sustained.

2. ——: CONSTRUCTION OF STREET RAILWAY: IMPAIRMENT OF STREET: GENERAL ALLEGATION: INCONVENIENCE. The municipal assembly of St. Louis can not grant to a railroad company license to so use a street as to practically destroy it as a highway for the general public. But a general allegation that defendant, under authority of a city ordinance, is about to construct a street railway to be laid along the surface (which in itself is not inconsistent with the use of the street at the same time by the general public) without stating the width of

the street, but simply alleging that "it is a narrow street and to build a double street-car track thereon would greatly impair its usefulness, there not being room between the curbing and the street for buggies and wagons to pass," states no cause of action which would justify the court in enjoining the company from exercising the franchise conferred by such ordinance.

3. ————: ————: DAMAGES. The statute (sec. 1825, R. S. 1899) requiring a company, before taking or damaging any property in the construction of a street railway under a city franchise, to ascertain the damage that will be done by the building and operating thereof, to the real and personal property situated on the route, does not give to the owners of such property a right to recover damages where none existed before its enactment, but the damages there contemplated are only such as are peculiar to the individual property-owner, that is, such as are different in kind and not merely in degree from those suffered by other members of the community. And the inconvenience suffered by property-owners in going to and from their real estate because of the tearing up of the street and the obstructing of its use, such as result in the construction of every street railway, is no such peculiar damage as is contemplated by that statute.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*Sterling P. Bond* for appellants.

(1) A city can not create a nuisance in its streets, or devote them, or any part thereof, to a purpose inconsistent with the rights of the public or abutting property-owners. Lockwood v. Railroad, 122 Mo. 97; Sherlock v. Railroad, 142 Mo. 182; Lumber Co. v. Railroad, 129 Mo. 455. (2) Municipal ordinances may be impeached for fraud and corruption. 1 Dill. Mun. Corp. (4 Ed.), sec. 311; Glasgow v. St. Louis, 107 Mo. 203. (3) The Legislature of a State is authorized to create a new right for damages not prohibited by the Constitution of the State or the Constitution of the United States. Sec. 464, Iowa Code of 1873; sec. 767, Iowa

Code of 1897; Mulholland v. Railroad, 60 Iowa 741; Barb-wire Co. v. Railroad, 70 Iowa 108; sec. 98, p. 604, vol. 2, Session Laws of Michigan, 1869; Taylor v. Railroad, 80 Mich. 79; Ex parte Marmaduke, 91 Mo. 241; Duluth Township v. Duluth, 7 Iowa 284.    (4)    There is nothing in the Con-stitution of Missouri or the United States prohibiting the Legislature of a State from creating a new right for damages to real and personal property, occasioned by building and operating a street railway on a public thoroughfare, along and in front of an abutting property-holder, and in creating a remedy for the enforcement of such damages as provided by secs. 1, 2, 3, 4, 5, p. 39, Laws 1887; secs. 1824-25-26-27, R. S. 1889; secs. 6115-16-17-18, R. S. 1899.    (5)    When a right is created by a statute and a specific remedy is pro-vided, the right can be vindicated in no other way than that prescribed by law.    The remedy is exclusive.    Barbwire Co. v. Railroad, supra; Taylor v. Railroad, supra.    (6)    The statute law is the will of the Legislature, and the object of all judicial interpretation of the statutes is to determine what intention is conveyed, whether expressly or by implication by the language used.    Anderson v. Railroad, 117 Ill. 29; Rail-road v. Hemphill, 35 Miss. 21; U. S. v. Fisher, 2 Crouch, 399; People ex rel. v. Comm'rs Taxes of N. Y., 95 N. Y. 558; Smith v. People, 47 N. Y. 336; Busch v. Newbury, 10 N. Y. 390; People v. Railroad, 13 N. Y. 80; Ex parte Mar-maduke, 91 Mo. 241; Humes v. Railroad, 82 Mo. 288; Railroad v. Evans, 85 Mo. 325; State ex rel. v. Indianapolis, 106 Ind. 423; Storm v. Stevenson, 104 Ind. 50.    (7)    In the case of Ruckert v. Railroad, 63 S. W. 819, the court did not quote all of the rule laid down in Suth. St. Const., 255. The rule as laid down in said section is as follows:    "If the Legislature use words which have received a judicial inter-pretation they are presumed to be used in that sense, unless the contrary intent can be gathered from the statute."    The words of the last clause are the portion of the rule which the

court did not quote in its decision.   To sustain the above rule, as we have quoted it, the following authorities are cited by the author:   McKee v. McKee, 17 Md. 352; Huddleson v. Askey, 56 Ala. 218; Posey v. Preesley, 60 Ala. 273; Dawson v. Dawson, 23 Mo. App. 169.   And said authorities do not sustain the rule as laid down by the court in Ruckert v. Railroad, supra.   (8)   No person shall be deprived of his property without due process of law.   Sec. 30, art. 2, Constitution; sec. 1, amend. 14, Constitution of U. S.; State ex rel. v. St. Louis Court of Appeals, 97 Mo. 276; State ex rel. v. Smith, 141 Mo. 10; Gallatin v. Tarwater, 143 Mo. 45.   (9) That which damages property or depreciates its value deprives the owner of his property.   In re Jacobs, 98 N. Y. 105; St. Louis v. Hill, 116 Mo. 533; State v. Julow, 129 Mo. 173; In re Mahon, 34 Fed. 525; In re Frederick, 51 Fed. 747.

  *Boyle, Priest & Lehmann* and *Geo. W. Easley* for respondents.

  (1)   The record discloses that the road in Hamilton avenue was to be constructed for the transportation of passengers in cars moved by electric power over tracks laid even with the surface of the street, and appellant did not allege that his ingress to or egress from his property, or any other rights appertaining to his property, was injured.   The building of such a street railway did not impose any additional servitude upon the street.   In such a case, the injunction was properly denied, and the bill dismissed.   Ruckert v. Railroad, 63 S. W. Rep. 814; Placke v. Railroad, 140 Mass. 634; Ransom v. Railroad, 104 Mo. 375; Mfg. Co. v. Railroad, 113 Mo. 308; Stevenson v. Railroad, 68 Mo. App. 449; Lewis on Eminent Domain, sec. 124; Elliott on Streets, 558; Halsey v. Railroad, 20 Atl. Rep. 859; Lumberger v. Railroad, 30 S. W. 533; Louisville Bagging Co. v. Central Passenger Co., 95 Ky. 50, 44 Am. St. Rep. 203; Howe v. Railroad, 167

Mass. 46, 44 N. E. Rep. 386; Koch v. Railroad, 75 Md. 222,. 23 Atl. Rep. 463; Williams v. Railroad, 41 Fed. 556. (2) But appellant did not allege any such peculiar damage to his property as to require compensation to be made before the road was constructed, either under the Constitution, article 2, section 21, or Revised Statutes 1889, section 1825. Vandivere v. Kansas City, 107 Mo. 83; Rude v. St. Louis, 83 Mo. 408; Stevenson v. Railroad, 68 Mo. App. 648; Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Bisp. Equity (5 Ed.), sec. 439; Lewis on Em. Domain, sec. 636. (3) Neither the Constitution, article 2, section 21, nor Revised Statutes 1889, section 1825, creates a new right. They only reserve to the party whose property is damaged, but not taken by an authorized public work, the same remedy he would have had at common law if the work had not been authorized, provided he suffered a peculiar or special damage. McCarthy's Case, L. R. 7, H. L. 243; Walker's Case, L. R. 7, A. C. 259; Rickett v. Railroad, L. R. 2, H. L. 175; Railroad v. Ogilvey, 2 Nacq. 229, s. c., 1 Patterson (Scotch App. Rel. H. L. 474); Rigney v. Chicago, 102 Ill. 64; Shawneetown v. Mason, 82 Ill. 343; Hyde Park v. Dunham, 85 Ill. 576. Such is the well-established English rule, and the rule in Illinois, from which State our constitutional provision was adopted, and has long been the rule in this State. Ruckert v. Railroad, 63 S. W. 814, and cases collected. (4) The allegations of fraud in the procurement of the passage of ordinance number 19429 are unavailing: (a) Because the legislative powers of the Municipal Assembly of St. Louis are granted by the Constitution of the State. Constitution, art. 9, sec. 20, et seq. If the passage of the ordinance in question is legislation, then the ordinary rule, that the motives of legislators in passing a law can not be inquired into, must prevail. Suth. on Stat. Con., sec. 330; McQuillin's Mun. Code St. Louis, p. 211, note; Trust Co. v. Arkansas City, 76 Fed. 282; Power Co. v. Colorado Springs, 105 Fed. 1.

(b) Because it would be beyond the power of any court to set aside this ordinance, if construed as a contract, without the city of St. Louis being a party, for the reason that the city has a large pecuniary interest in the contract. (c) Because, if it be true that the plaintiff can not maintain an injunction, then the plaintiff shows no such interest in the subject-matter of the suit as to entitle him to attack the ordinance for fraud in its procurement. Bodkin v. Merritt, 102 Ind. 293, 1 N. E. 628; 9 Ency. Pldg. and Prac., p. 681, title "Fraud," and authorities cited in note 2. (d) Because the allegations of fraud are so general that they do not advise the court or the defendants of who was guilty of the fraud; nor upon whom the fraud was practiced, nor the means of the fraud. McQuillin's Mun. Code, p. 1026; 9 Ency. Pldg. and Prac., p. 683.

VALLIANT, J.—This is a suit in equity aiming to enjoin the defendants from constructing a street railway in Hamilton avenue in St. Louis. The circuit court sustained a demurrer to the petition, and the plaintiffs declining to plead further, the court rendered judgment for defendant, from which one of the plaintiffs appeal.

The petition states substantially that the plaintiffs severally own lots in the city fronting Hamilton avenue, which is one of the public streets of the city, and that defendants, who are three street railway corporations and their officers, are about to construct a double-track railway through Hamilton avenue under authority of a certain ordinance of the Municipal Assembly approved October 28, 1898, being No. 19429, and which is set out by literal copy in the petition. Without here copying the ordinance, which is very long, it is sufficient for the purposes of this case to say that it confers the authority to do what the petition states the defendants are about to do, provided the ordinance is valid, and provided the defendants have not omitted to perform some duty they owe to the plaintiffs preliminary to entering upon the work. The petition

charges that the ordinance is illegal and void because it was "fraudulently and corruptly passed by the Municipal Assembly of said city, by reason of said defendants, their agents, servants and attorneys corruptly bribing and paying the city aldermen, councilmen and members of the Municipal Assembly large sums of money, or promising to pay the aldermen, councilmen and members of the Municipal Assembly of the said city of St. Louis, stocks, bonds, privileges and large sums of money, to vote for said pretended franchise and ordinance." The petition states that acting under that ordinance the defendants or one of them has "unlawfully and forcibly entered or is about to unlawfully and forcibly enter in and upon said Hamilton avenue, adjacent to and in front of the said real estate property of plaintiffs, above described, for the purposes of constructing and operating a street railway in and upon the said Hamilton avenue and have hauled and deposited rails and ties, or are about to deposit rails and ties, upon the surface, and have dug up or are about to dig up the surface and tear up and remove the paving from said Hamilton avenue, and are now or about to engage in making excavation in said Hamilton avenue, and have or are about or threaten to occupy and obstruct said avenue with horses, men, timbers, street car tracks, street cars, electric wires, and poles and other obstructions, as to temporarily prevent and permanently impair the use of said Hamilton avenue as a public thoroughfare, thereby preventing these plaintiffs from going to and from their respective real estate property over and along said Hamilton avenue, and thereby greatly depreciating the value and damaging their respective real estate property and their personal property, to the great and irreparable injury to plaintiff's said property; that where said Hamilton avenue adjoins plaintiff's property, it is also a narrow street, and to build a double street-car track thereon will greatly impair its usefulness, there not being room between the curbing and street-car tracks for buggies and wagons to pass."

Petitioners aver that it was the duty of the defendants, before damaging plaintiffs' property, to ascertain the amount of the damage and pay it, but that they have not done so nor agreed with plaintiffs in relation to the damage and no proceedings have been instituted to assess the compensation to be paid plaintiffs for the injury threatened. The prayer of the petition is that the ordinance be declared null and void and defendants be perpetually enjoined from constructing and operating the street railroad, so projected through Hamilton avenue.

I.  A mere charge of fraud without specification of the act or acts which constitute the alleged fraud amounts to nothing in pleading, and would be stricken out on motion. We have said this so often that it would seem useless to cite authorities to support it. [Bank v. Rohrer, 138 Mo. 369; Goodson v. Goodson, 140 Mo. 206; Burnham v. Boyd, 167 Mo. 185; Wood v. Carpenter, 166 Mo. 465; 9 Ency. P. & P., p. 683.]

The petition charges that the Municipal Assembly was corrupted by bribery, but it does not state who was the briber, nor who the bribed. There are three corporations involved, two of which, according to the petition, acquired their interests after the franchise had been granted. Whether it is intended to include them in the charge is not clear; "their agents, servants and attorneys" designates a large and unknown class; "the aldermen, councilmen and members of the Municipal Assembly" covers a large number of officials in general, but points to no one in particular; paying or promising to pay "stocks, bonds, privileges and large sums of money to vote for said pretended franchise and ordinance" is as vague and uncertain as language could make the charge.

There is no statement as of a fact which could be traversed, there is no issue tendered. A demurrer admits only facts well pleaded, it does not admit a mere characterization which is all there is of the charge of fraud in this petition.

II.   In Lockwood v. Wabash Ry., 122 Mo. 86, this
court decided that the city of St. Louis could not grant to a
railroad company a license to so use a street as to practically
destroy it as a highway for the general public.   Whilst recog-
nizing the authority in the city to permit a railroad company
to occupy the street along with the public, it was decided that
such permission could not be given to occupy it to the exclu-
sion of the public, and the facts in that case showing that the
use threatened by the railroad would practically exclude the
public from the street, an injunction was granted at the suit
of an abutting property-owner.   The same doctrine was an-
nounced in Lumber Co. v. Ry. Co., 129 Mo. 455, and Sher-
lock v. Ry. Co., 142 Mo. 172.

The plaintiffs seek to bring their case within the law as
declared in those cases, but their petition fails to show a sim-
ilar condition.

In the first of those cases it was shown that the street
was only twenty-four feet wide from curb to curb, and in that
space in front of the plaintiff's property, the defendant had
laid double tracks for its steam railroad.   In the second, the
street was occupied by four tracks of two steam railroads, and
the defendant was about to occupy the sidewalk with other
tracks in front of the plaintiff's property.   In the third case
there was a steam railroad about to be laid along an alley six-
teen feet wide.   In the case at bar we have a street railroad
to be laid along the surface, which in itself is not inconsis-
tent with the use of the street at the same time by the general
public.   The width of Hamilton avenue is not stated in the
petition.   The statement is "it is also a narrow street, and
to build a double street-car track thereon will greatly impair
its usefulness, there not being room between the curbing and
the street car tracks for buggies and wagons to pass."   That
is the statement of a mere conclusion, and we are unable to
judge of its correctness as an opinion without knowing the

Vol 167 mo—7

width of the street or the distance between the track and the curb.

Section 1825, Revised Statutes 1889, which was in force when this controversy arose, is in reference to building street railroads under license from the city and contains this clause: "Before taking or damaging any property in the construction of a railroad under such franchise, said corporation shall cause to be ascertained and determined the damages that will be done by the building and operation of such railroad, to the real and personal property situated on the route fixed by the ordinance defining such franchise, and shall pay to the owner or owners of the real and personal property so affected, or into court for them, the amount of their respective damages."

It is contended on the part of appellants that this statute gives them a right to recover damages where none existed before. That view of the effect of this statute was urged with great force by learned counsel in Ruckert v. Grand Ave. Ry., 163 Mo. 260, but after a careful consideration of the subject this court came to the conclusion that that was not the correct meaning of the statute and we are satisfied with the decision in that case. The opinion by GANTT, J., shows that, in conformity with the uniform rulings of this court both before and after the adoption of the present Constitution, the damages to be ascertained and paid as contemplated in that statute were those peculiar to the plaintiff "different in kind and not merely in degree from those suffered by other members of the community."

It was also shown in that opinion that it has long been the law of this State that "the laying of a railroad track pursuant to authority granted by the city, on the established grade of a street, did not subject the street to a servitude different from that which was contemplated in the original dedication, and the damage to an abutting owner resulting from such use of the street was *damnum absque injuria*." That is the doctrine in this State to-day, subject to the qualifications pointed

out in Lockwood v. Ry. Co.; Lumber Co. v. Ry.; and Sherlock v. Ry., supra.

The plaintiffs in their petition do not show that they have suffered or will suffer any damage peculiar to themselves. They do say that the defendants, preparatory to constructing the railroad, are depositing rails and ties and are tearing up the street and obstructing its use, etc., and "thereby preventing these plaintiffs from going to and from their respective real estate property over and along said Hamilton avenue," etc. But those statements relate to the inconvenience resulting in the necessary work of construction and are such as result in every street reconstruction. The damage resulting from the condition does not entitle the plaintiffs to an injunction of the kind sought in this suit.

The demurrer to the petition was properly sustained and the judgment is affirmed. All concur.