## SARAH J. MELVIN, Respondent, v. CITY OF MOUND CITY, Appellant.

### Kansas City Court of Appeals, December 31, 1914.

1. **DAMAGES: Municipal Corporations: Grading.** Where a party sues to recover damages caused by grading for the laying of the sidewalk on the established grade and the maintenance of a nuisance in leaving the parkway between the sidewalk and roadway ungraded, and evidence is introduced by both sides as to the diminished and enhanced value of the property, the question is properly left for the jury to determine.

2. **APPEAL AND ERROR: Judgment.** To constitute a good ground for the reversal of a judgment, error must have materially affected the merits of the case and have been inimical to some right of the appellant.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Petree Bros.* and *Culver & Phillip* for appellant.

It is the law in this State that the sole measure of damages in a suit to recover for a change of grade in a street is the difference in the market value of the property immediately before and after the grading, as caused by the change of grade. Dale v. City of St. Joseph, 59 Mo. App. 566; Rines v. City of Columbia, 80 Mo. App. 173; Robinson v. City of St. Joseph, 97 Mo. App. 503.

*R. L. Minton, T. C. Dungan, H. B. Williams* and *T. B. Allen* for respondent.

(1) The giving of an instruction, though improper, will not warrant a reversal unless injury is clearly shown materially affecting the merits. Benjamin v. Railroad, 133 Mo. 274; Freeland v. Williamson, 220 Mo. 217; Stumpe v. Kopp, 201 Mo. 412, 420; Clark v. Cox, 118 Mo. 652; Mann v. Doerr, 222 Mo. 1; Berry v. Railroad, 214 Mo. 593; Petersen v. Transit Co., 199 Mo. 331; Revised Statutes 1909, sec. 2082. (2) A new trial ought not to be awarded because of an erroneous instruction, where it worked no harm to appellant. Keen v. Schnedler, 92 Mo. 516.

JOHNSON, J.—Defendant, a city of the fourth class, appealed from a judgment recovered by plaintiff for damages resulting from grading for the construction of a sidewalk in front of her premises.

The suit was brought in Holt county and sent to Platte county on change of venue. The first count of the petition claims damages caused by grading for the laying of the sidewalk on the established grade; the second alleges the maintenance of a nuisance in leaving the parking between the sidewalk and roadway ungraded. The jury returned a verdict for plaintiff, assessing her damages on the first count at $200 and on

the second at $150. On the hearing of the motion for a new trial plaintiff dismissed the second count and judgment was rendered for her on the first for the damages assessed in the verdict.

The property of plaintiff under consideration consisted of two lots on the west side of Savannah street occupied by plaintiff and her family as a residence. The tract has a frontage of eighty-five feet on Savannah street and a depth of 150 feet. The house is on both lots, eight feet back of the front property line, and on a grade from two and one-half to five feet higher than the established grade of the street. Immediately back of the house the lots slope sharply downward towards the west. The roadway of the street had been graded to the established grade but the parking and sidewalk spaces, which together were about nine feet wide, had not been graded and were on the same level as plaintiff's front yard. The embankment, which was two and a half feet high at the north end and five feet at the south, was roughly terraced affording a passage to pedestrians between the roadway and the house. The sidewalks on that side of the street were on the natural grade and that in front of plaintiff's premises was a good granitoid walk five feet wide. There were four shade trees in the parking between the sidewalk and road. Such were the conditions when the city, by ordinance, ordered that the sidewalks on that side of the street be removed and replaced by new concrete walks five feet wide, laid on the established grade. The property-owners were given the privilege of doing the work if they so desired. Many availed themselves of the privilege and put in new walks in front of their respective premises, but plaintiff did nothing and defendant, receiving no bid within the estimate, graded the sidewalk space and constructed the sidewalk in accordance with the provisions and specifications of the ordinance. A trench for the sidewalk was

excavated and the parkway with its shade trees was left ungraded until the following year when the trees were removed and the parkway was graded to the established grade.

The evidence of plaintiff tends to show that owing to the closeness of the house to the street it would be unsightly, if not impracticable, to terrace the embankment and that whether it is terraced or a retaining wall is built, or it is left in its present state, which shuts off ingress and egress to and from the house, the market value of the lot is materially lessened by the grading. The numerous witnesses for plaintiff differ widely in their estimates of the damage but there is ample evidence in support of the verdict.

Defendant introduced many witnesses who testified that the improvement had enhanced the market value of the property and we are asked by defendant to declare as a matter of law that such was the result. Counsel for defendant concede that as an appellate tribunal we cannot determine issues of fact in law cases and our duty with respect to evidentiary controversies ends when we find, as we do in this case, that the verdict is supported by substantial evidence. The disclosed physical facts would not warrant us in holding that the testimony of the many witnesses for plaintiff who testified that the property had been damaged by the grading is devoid of substance and should be brushed aside as wholly worthless. That the grading cut off access to plaintiff's property seems clear and that plaintiff, in providing suitable means of access would be put to some expense is also clear. Whether or not the market value of the property, taking into account the expense of putting it into proper conformity with the changed conditions, would be enhanced or diminished, appears in the record as a subject of sharp controversy between credible and reasonable witnesses and, therefore, as an issue of fact for the jury to de-

termine.   The court did not err in overruling the demurrer to the evidence.

Complaint is made of error in the definition of the term "special benefits" in one of the instructions given at the request of plaintiff, but we find the error was against plaintiff and without prejudice to any right of defendant.   To constitute a good ground for the reversal of a judgment, error must have materially affected the merits of the case (Sec. 2082, R. S. 1909) and have been inimical to some right of the appellant. If it only affected a right of the respondent, it should be regarded as harmless.

There is no prejudicial error in the record and the judgment is affirmed.

*Ellison, P. J.,* concurs, *Trimble, J.,* not sitting, having tried the case in the circuit court.