INGLE et al.  v.  CITY OF FULTON.

No. 22056.

Kansas City Court of Appeals.

Missouri.

April 5, 1954.

Frazier Baker, Fulton, for appellant.

John M. Cave, Fulton, for respondents.

DEW, Judge.

Plaintiff Mary Hughes Ingle and plaintiffs Clyde and Walter Pierson, co-partners, were the owner and lessees, respectively, of a certain tract of land, part of which lies within the city limits of the City of Fulton, Missouri. Their petition herein seeks to enjoin the defendant from enforcing its ordinance prohibiting the operation of prospecting and mining for fire clay under a lease entered into by the plaintiffs. The defendant answered, whereupon the plaintiffs moved for judgment on the pleadings, which motion was sustained. The defendant appealed to the Supreme Court of Missouri.

The jurisdictional grounds asserted in the Supreme Court were certain constitutional questions raised in the petition and the further contention that the amount in dispute exceeded the amount of $7,500. The Supreme Court has transferred the case to this court for the reason that the constitutional points were not so preserved as to vest jurisdiction in that court, and further for the reason that the amount in dispute was the value of the relief sought, as to which there were no allegations in the petition. 260 S.W.2d 666.

The petition pleads that plaintiff Mary Hughes Ingle is the owner of the tract of land described; that a part of the same lies within the city limits of the City of Fulton, Missouri; that on May 9, 1949, she and the plaintiffs Pierson entered into a written lease of the premises described for the purposes of mining fire clay thereon; that a copy of the lease is attached to the petition as a part thereof. It is alleged that on June 9, 1949, the City Council of the City of Fulton enacted an ordinance prohibiting prospecting and mining within the city limits of the City of Fulton, and establishing a penalty therefor; that a copy of said ordinance is also attached to the petition and made a part thereof; that said lease is still in full force and effect; that the portion of the tract of land lying within the city limits of Fulton contains fire clay of a reasonable value of $35,000. The petition further avers that the ordinance referred to is unconstitutional in several respects pleaded; that such ordinance was not within the powers of a city of the third class, as set forth in Section 94.110 RSMo 1949, V.A.M.S.; that notwithstanding the invalidity of the ordinance, the officials of the city and its agents will enforce the same against plaintiffs and subject them to a multiplicity of suits; that plaintiffs desire and intend to conduct mining operations upon the premises, and particularly that portion within the limits of the City of Fulton. It is alleged that unless defendant and its agents, officials, servants and employees are restrained from enforcing said ordinance, plaintiffs will be subjected, as aforesaid, to a multiplicity of suits, and that plaintiffs have no adequate remedy at law. The prayer is that the court restrain and enjoin defendant, its agents, servants and employees, perpetually from enforcing or attempting to enforce said Ordinance No. 1189.

It is material to note the exhibits attached to the petition. They are a part of the petition for all purposes. Section 509.130 RSMo 1949, V.A.M.S.

The lease attached to the petition, dated May 9, 1949, granted and let to the plain-

tiffs Pierson the tract of land in question for a period during which " * * * semi flint and/or other fire clay of suitable quality is found in profitable quantities thereon, unto the Lessees for the purpose of operating Mines, Quarries, Pits and Carrying on all operations necessary for the production and transportation of Clays". Among the provisions of the lease it required of the lessees that the operations begin within six months from date; provided for payment of a royalty to the lessor of ten cents a ton of salable clay obtained from the land, and twenty cents a ton for such coal as may be mined in connection with the mining for clay; required that for the year 1950 and thereafter lessees move at least 15,000 tons of clay per calendar year, upon the penalty of termination of the lease in thirty days for failure so to do; permitted the lessees to pile excess dirt and to stockpile the clay on the premises in question, and stipulated that the lessees would not be required to fill any pits resulting from the operations.

The ordinance pleaded in the petition and attached as an exhibit is as follows:

"Section One: No person, firm or corporation, either in person or by agent, shall prospect or mine any property within the limits of the City of Fulton, Missouri.

"Section Two: No person, firm or corporation, either in person or by agent, shall permit any prospecting or mining on property owned or controlled by them within the limits of the City of Fulton.

"Section Three: Any person, firm or corporation violating this ordinance shall be deemed guilty of a misdemeanor and shall be fined not less than one dollar nor more than one hundred dollars ($100.00) or shall be imprisoned for a period not exceeding three months or both and each days violation shall constitute a separate offence.

"Section Four: This ordinance shall be in full force and effect from and after its passage by the Council and approval by the Mayor."

The answer of the defendant admitted the ownership of the tract of land, as alleged, admitted the execution of the lease referred to in the petition, the enactment of the ordinance pleaded by the plaintiffs, and denied all other allegations of the petition. However, the answer proceeded to allege that the defendant's officials would presume the validity of all of its ordinances until otherwise held by a court of competent jurisdiction, and in the event that plaintiffs performed any acts contemplated by their petition and by Ordinance No. 1189, defendant would, in the absence of a restraining order by a court of competent jurisdiction, arrest the plaintiffs and subject them to trial in the police court of the City of Fulton for violation of said ordinance, and that there would be a separate complaint and trial for each day's violation of said ordinance. It was further pleaded in the answer that the mining operations as they have been conducted, as are conducted, and will be conducted by the plaintiffs within the limits of the City of Fulton *"necessitate"* the use of explosives, dangerous and detrimental to the health and safety of the inhabitants of the city, and injurious to their property by reason of loud and unusual noises, flying debris, vibrations from concussions and explosives of sufficient force to maim and kill; that such operations *"necessitate"* the frequent use of machinery, likewise dangerous and detrimental to the public health and safety and property of others by reason of unusual noises, vibrations and force sufficient to maim and kill; that such operations *"necessitate"* leaving of the ground in a condition which would be dangerous and detrimental to the public health, and would annoy and injure the inhabitants, depreciate the value of their property and damage it by reason of deep pits that would be left, which, if left unguarded or inadequately guarded, would be attractive to children, expose them to danger by their falling into such pits or by the walls thereof falling onto children; that such pits would collect water, making the same attractive

and dangerous to the children, and such water would become stagnant and unhealthful to the inhabitants of the neighborhood and breeding places for insects, and would overflow upon the property of others in the vicinity, and, further, for the reason that such pits would be unsightly and would depreciate the property in the vicinity and diminish the tax valuations of the property affected.

Upon the hearing on the motion for judgment on the pleadings the court admitted in evidence the ordinance in question. The defendant orally admitted that part of plaintiffs' petition wherein they pleaded that it is their desire and intention to conduct mining operations on that part of their premises described which lies within the limits of the City of Fulton; that more than $7,500 worth of fire clay was contained in that portion of the land lying in the city; denied the constitutional points pleaded and the want of power of the city to pass the ordinance in question. The record does not disclose the reasoning of the court on which it based its judgment on the pleadings. Neither are we favored by any brief on the part of the plaintiffs. The appeal was submitted on the brief of the defendant.

Defendant, in its brief, makes the point that the facts pleaded in its answer must be taken as true for the purposes of the motion for judgment on the pleadings; that, in effect, it had alleged in its answer that the mining operations described cannot be conducted in the city in such a manner as not to constitute a nuisance; that the City of Fulton has authority to prohibit the acts alleged in its answer which will constitute the mining operations intended by the plaintiffs, and that evidence aliunde is proper to show reasonableness of the prohibition.

■■ For the purposes of the plaintiffs' motion for judgment on the pleadings, such motion admits the truth of all facts well pleaded in the answer. Cammann v. Edwards, 340 Mo. 1, 100 S.W.2d 846, 850. "If an issue of fact is presented by the pleadings the motion should be denied." Baker v. Lamar, Mo.Sup., 140 S.W.2d 31, 34. But the truth of mere conclusions pleaded is not admitted by such a motion. See, also, Hunter v. Delta Realty Co., 350 Mo. 1123, 1127, 169 S.W.2d 936; State ex rel. Drainage District v. Duncan, 334 Mo. 733, 738, 68 S.W.2d 679.

■■ Since the constitutional questions raised in the petition are necessarily not now involved in this appeal, and since the legal power of the city or lack of it to enact the ordinance in question is pleaded as a legal conclusion in both the petition and answer and such conclusion cannot determine the question of the correctness of the judgment on the pleadings, we must look to the only remaining allegations of the answer that purport to state a defense to the petition. Those averments are that if the plaintiffs perform the acts contemplated by their petition, they will "necessitate" (1) the extensive use of explosives; "necessitate" (2) frequent use of machinery, and "necessitate" (3) the leaving of excavations and deep pits; that each of such consequences will, in turn, result in the detrimental effects on the public, as pleaded. If any one of these statements of justification and reasonableness is an allegation of fact, the motion for judgment should be denied. If they are mere conclusions, the motion was properly sustained. We must keep in mind the material allegations of the petition and the provisions of the lease in determining the effect of the statements in the answer under consideration.

The petition, including its exhibits, discloses that part of the land lies within the limits of the City of Fulton; that plaintiffs intend to carry out their lease for the mining of fire clay on the property; that the lessees will be required to remove at least 15,000 tons of fire clay in 1950, and each year thereafter, together with any coal found in so doing; that they will be permitted to store excess dirt on the property, as well as stockpiles of fire clay; that the lessees will not be required to fill any excavations made in the operations.

The term "mining" is a broad term and may apply to various methods of extracting natural products from beneath the soil. Hydraulic mining is done by application of water pressure; "Strip Mining" is the removal of the surface above the seam or other deposits sought to be extracted. Other mining operations include tunneling, blasting, excavations, etc. 58 C.J.S., Mines and Minerals, § 3, page 36. It follows that not every mining operation necessitates extensive explosives, if any, nor the extensive use of machinery so as to cause unusual noise, vibrations and force sufficient to maim and to kill. Nor does it follow that mining for fire clay will "necessitate" that *deep* pits and excavations be *left*, which will be attractive and dangerous to children will collect water, become breeding places for insects, will be insufficiently guarded and will be places of deposit for weeds, debris, etc. The petition fails to reveal that any of such consequences are obviously matters of necessity. "Mining" in and of itself is not a nuisance nor is an excavation or a pit. They may or may not become so depending upon surrounding facts. 66 C.J.S., Nuisances, §§ 75(a) (3), 75(b), pages 822, 825; Brush v. Lehigh Valley Coal Co., 290 Pa. 322, 138 A. 860; Cavanaugh v. Corbin Copper Co., 55 Mont. 173, 174 P. 184, 185. Yet defendant admits that if the plaintiffs do the acts contemplated by their lease, defendant will cause their arrest and prosecution under the ordinance.

Unless the allegations of defendant's answer state facts that would put in issue the character of the plaintiffs' proposed mining operation as dangerous and injurious to the public, they state no defense to the petition. If they are mere conclusions, they are not sufficient as statements of fact and cannot be considered on the plaintiffs' motion for judgment on the pleadings.

In considering what constitutes a conclusion of fact, our attention is directed to Nagel v. Lindell Ry Co., 167 Mo. 89, 66 S.W. 1090, 1091. There the plaintiff sought to enjoin the defendant from constructing a street railway in Hamilton Avenue in St. Louis. A demurrer was sustained to the petition. The petition alleged that " '* * * where said Hamilton avenue adjoins plaintiffs' property it is also a narrow street, and to build a double street car track thereon will greatly impair its usefulness, there not being room between the curbing and street car tracks for buggies and wagons to pass.' " The court said on page 97 of 167 Mo., at page 1092 of 66 S.W. 1090: "In the case at bar we have a street railroad to be laid along the surface, which in itself is not inconsistent with the use of the street at the same time by the general public. The width of Hamilton avenue is not stated in the petition. The statement is, 'It is also a narrow street, and to build a double street car track thereon will greatly impair its usefulness, there not being room between the curbing and the street car tracks for buggies and wagons to pass.' That is the statement of a mere conclusion, and we are unable to judge of its correctness as an opinion without knowing the width of the street or the distance between the track and the curb."

In Hand v. City of St. Louis, 158 Mo. 204, 59 S.W. 92, the plaintiff sought to have reverted to her the title to a lot left by her father by will to defendant city for use as a market place. In her petition she alleged that the city had operated a market on the lot for ten years and thereafter used it for a fire station, and that because of the development of the city, it was now impossible to use the lot for purposes of a market place, and hence the title should be reverted to the plaintiff. The court sustained a demurrer to the petition, involving the same principle as under discussion. On page 213 of 158 Mo., on page 94 of 59 S.W., the court said: "A demurrer admits only facts pertinently pleaded. It does not admit a conclusion. There are no facts stated in this petition from which the court can conclude as a matter of law that it is now impossible to maintain a market house on the lot in question. * * * The fact that a market house was erected and maintained as required for 10 years, and no fact appearing on the face of the petition to indicate why the same could not be done

now, justifies the conclusion that there is no impossibility in the scheme." The court distinguished cases wherein allegations were, on their face, clearly statements of fact.

Defendant in the instant case asserts that its answer alleged, in effect, that mining operations cannot be conducted within the City of Fulton in such a manner as not to constitute a nuisance, and cannot be conducted in such a manner as not to violate authorized regulations. It will be noted that defendant does not plead that the plaintiffs *are using* or *will use* explosives extensively, or that they *are using* or *will use* machinery extensively, or that they *have left, are leaving,* or *will leave* excavations and pits, all of which acts defendant pleads will constitute a nuisance, but that such operations *"necessitate"* the extensive use of explosives and machinery and the leaving of excavations and pits resulting in the injurious conditions constituting a public nuisance. Defendant does not plead attendant facts or circumstances that obviously make mining of every kind and by every method a nuisance merely because conducted within the city limits. The situation is different from that in cases where the proposed use is, by its very inherent nature, injurious to the morals, safety, health and reasonable enjoyment of private property by those in the vicinity, such as a bawdy house, gambling institutions, powder manufacturing, slaughter houses, shooting ranges and the like.

Our conclusion is that the answer expressly admits the defendant's intention to enforce the ordinance in question against the plaintiffs in the event of any mining operations whatsoever under their lease on their property in question, and in defense thereto pleads only conclusions of fact, thus justifying the judgment on the pleadings. The judgment is affirmed.

BROADDUS, J., concurs.

CAVE, P. J., not participating.