**MISSOURI PUBLIC SERVICE COMPANY,**
a corporation, Plaintiff-Appellant,

v.

**Emsley GARRISON and Bonnie Jean Garrison, Defendants-Respondents.**

No. 25049.

Kansas City Court of Appeals,
Missouri.

June 2, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied July 13, 1970.

John M. Belisle, Belisle, McNabb & Kyser, Butler, for appellant.

E. J. Murphy, Butler, for respondents.

CROSS, Judge.

Plaintiff instituted this condemnation proceeding in Bates County to acquire a right of way easement interest in defendants' farm residence property for purposes of constructing and maintaining an electric power transmission line. Commissioners duly filed report of their award to which all parties excepted. On plaintiff's application a change of venue was granted and the cause transferred to Henry County for trial. Plaintiff has appealed from the judgment entered upon a jury verdict assessing defendants' damages at $7,500.00.

Defendants' farm contains one hundred and sixty acres of well improved lands lying in Bates County. It is square in shape and entirely enclosed with a hog-tight fence. All of the one hundred and sixty acres (except ten) are in one field used for growing corn, beans and wheat. The property is described as "the top farm in the vicinity and pretty much so in the county." The easement taken is a strip one hundred feet wide running at an angle completely across the farm for a distance slightly in excess of one-half mile. Upon and along the easement plaintiff utility has constructed an electric power transmission line consisting of four sets of double pole structures, wires, crossarms, insulators and other electrical appurtenances. The height of the wires and the voltage transmitted are not specified or limited by plaintiff's petition and are not shown by the evidence. The transmission line is visible from any point on the farm.

Defendants produced three witnesses whose general qualifications to testify on land values were not challenged by plaintiff and were to the court's satisfaction. Their evaluation of defendants' total damage, based on before and after values, ranged from $8,000.00 to $10,000.00, a portion of which was attributed to "the looks" or unsightly appearance of the property caused by the power line, as a factor adversely affecting its salability. Plaintiff

put on three witnesses, who placed defendants' total damage at sums extending from $3,000.00 to $4,000.00.

At the close of all the evidence plaintiff offered and the court refused to give Instruction No. 7, which undertook to admonish the jury that it "should not take into consideration damage which may arise because the 'looks' of the transmission line across the tract would be detrimental to its value."

Plaintiff's main appeal contention is to the effect that the jury should not have been allowed to consider the factor of "looks" or "unsightliness" caused by the power line in determining defendants' damages. The identical question has been thoroughly considered and ruled by this court in two separate appeal decisions rendered in the same case—Kamo Electric Cooperative, Inc. v. Cushard. The first opinion is reported in 416 S.W.2d 646. We there ruled that disfigurement of farms by unsightly power lines is a compensable element of damages and that the trial court did not err in allowing the jury to consider competent evidence tending to show that Kamo's transmission line built across the farm in question rendered it unsightly and thereby diminished its market value. The cause was reversed on other grounds and remanded for another trial. Upon retrial, the trial court again admitted evidence tending to establish that the power line had blemished the appearance of defendants' property and consequently reduced its market value. Appealing for the second time, Kamo once more insisted that the trial court erred by admitting and refusing to strike such evidence. Our second opinion in the case (filed on April 7, 1969, Mo. App.) reaffirms the ruling we had made in the first opinion in language as follows:

"The facts involved in the present appeal are essentially the same as were

considered in our previous review and it has not been demonstrated to us that the law is otherwise than we interpreted and applied it in our former decision. Consequently there has been no change in our views on the question now before us. We consider our former opinion to be the law of the case and further believe that it effectively disposed of the contention Kamo has again raised. For those reasons we re-affirm it and incorporate the following quoted portion thereof as a part of our present opinion: (quoting at length from the former opinion)."

After analyzing and discussing the various authorities the respective parties had submitted, we indicated that the general trend of authority is inclined to the view that disfigurement of farms by unsightly power lines is a compensable element of damages, and stated our final conclusion as follows:

"Whatever may be the status of the law in other jurisdictions, the instant issue is to be determined under Missouri decisions. The only Missouri law bearing directly on the question is found in Kamo Electric Cooperative v. Brooks, Mo.App., (Springfield) 337 S.W.2d 444,[1] Union Electric Co. v. Simpson, Mo. App., (St. Louis) 371 S.W.2d 673,[2] and Kamo Electric Cooperative, Inc. v. Cushard (our orginal decision) 416 S.W.2d 646. It must therefore be said that the result reached in the Brooks case is the minority and disapproved rule in Missouri. The Simpson and Cushard decisions constitute the latest and controlling authority on the issue and have established the rule prevailing in this state that 'unsightliness' resulting from a transmission line is a proper element of damage for consideration by a jury when it is shown by competent and substantial evidence that such factor has diminished the value of the property involved. We rule accordingly."

1. In Kamo Electric Cooperative v. Brooks, 337 S.W.2d 444 (decided in 1960) the Springfield Court of Appeals ruled that detriment to the market value of farm property because of the unsightly appearance of an electric transmission line should not be considered as an element of the property owners' damage.

2. In Union Electric Co. of Missouri v. Simpson, 371 S.W.2d 673 (decided in

1963) the St. Louis Court of Appeals held that the jury had a right to consider the effect unsightliness of power lines across farm land may have upon its market value. The court reasoned that "they are entitled to take into account every element and every effect resulting from the taking and from the structures installed, which would influence an intended purchaser's estimate of the market value of the subject property."

█ We still are of the view that the Simpson and Kamo cases constitute the latest and controlling authority on the present issue, and that the Brooks opinion relied upon by plaintiff is not only the minority view, but is not founded upon well-reasoned judicial principles. For those reasons and all others heretofore expressed by this court in the two Kamo opinions, we once more rule that "unsightliness" of farm property caused by construction of a power transmission line upon it is a proper element of damage to be considered by the jury when there is competent and substantial evidence from which they may reasonably believe that the property's market value has been diminished by such cause. The trial court did not err as charged.

█ Plaintiff additionally contends that the court erred in failing to strike evidence "concerning the element of danger." The incident giving rise to this complaint occurred during cross-examination of plaintiff's witness McGuire as to his knowledge of the easement terms and the rights it permitted plaintiff to exercise. In particular, counsel inquired as to plaintiff's privilege to install additional lines and to lower them, as here set out:

"Q (By Mr. Murphy) Let me ask you again, Mr. McGuire, please, did you consider the fact that they can add additional lines across this property in arriving at $4,000.00?

A I said I did.

Q All right. Did you consider the fact they can lower the lines, if they so desire, to a matter of a few feet above the ground in arriving at the $4,000.00?

MR. BELISLE: If the Court please, that is not true. They are regulated by Code and Mr. Murphy knows that.

MR. MURPHY: Just a moment. I object. That is highly prejudicial.

THE COURT: The objections will be sustained. Now, gentlemen, let's make the rest of the remarks to the Court. There is nothing before the Court as to what the code is."

If the above quoted remark of plaintiff's counsel be construed as an objection to the preceding question, it is obvious that when defendants' counsel interposed his objection to such remark there were two objections pending before the court before any ruling was made. The court specifically ruled that "The objections will be sustained" and admonished both counsel to address their remarks to the bench. No further relief was requested by plaintiff's counsel by way of objection, motion to strike, or otherwise, nor did counsel request an instruction withdrawing the element of danger from the jury. For that matter the word "danger" was not used in the jury's presence, and it is our belief that the question respecting plaintiff's right to lower its wires did not necessarily inject the factor of danger into the case. In any event the alleged error has been waived and is not preserved for review. See State ex rel. State Highway Commission v. Henderson, Mo.App., 381 S.W.2d 10.

The judgment is affirmed.

HOWARD, P. J., and PHIL H. COOK, Special Judge, concur.

SHANGLER, J., not participating because not a member of the Court when the cause was submitted.

### On Rehearing

PER CURIAM:

After adoption of the foregoing opinion plaintiff timely filed a motion for rehearing or in the alternative to transfer to the Supreme Court. Prior to our final consideration of that motion, and after this court had denied a motion for rehearing or transfer following our affirmance of the judgment in the second trial of Kamo Electric Cooperative, Inc., v. Cushard, et al., the Supreme Court sustained Kamo's application for transfer and that cause was duly transferred to that court en banc. We deem it of interest to lawyers and courts to note that upon consideration of the Kamo appeal, the Supreme Court approved the prior opinions of this court rendered in the cause, affirmed the judgment by opinion rendered June 8th, 1970, and denied re-hearing on July 13, 1970.

The motion in this cause for rehearing or to transfer to the Supreme Court is overruled.