Kenneth W. KELLIN, Appellant,

v.

ACF INDUSTRIES, INC., Respondent.

No. 36583.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 30, 1975.

John J. Larsen, St. Louis, for appellant.

Stephen M. Hereford, Gentry, Bryant & Hereford, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-appellant Kenneth W. Kellin claimed Workmen's Compensation benefits, contending he injured his back while working in an awkward position with a heavy grinding machine, and that the injuries required a surgical laminectomy. Both the Referee and the Industrial Commission denied the claim, as did the Circuit Court on appeal. Plaintiff has appealed to this court.

■ Plaintiff's brief preserves nothing for appellate review. Rule 84.04(d) requires an appellant in his points relied on to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Plaintiff's points relied on are mere abstractions:

"I. Appellant (employee) sustained an injury by reason of an accident arising out of and in the course of his employment.

"II. Applying for group insurance benefits does not preclude an employee's claim for workmen's compensation.

"III. The letters of the employee and his then attorney did not dismiss employee's Workmen's Compensation claim.

.  .  .

"IV. Neither the question of whether or not an employee sustained an accident within the meaning of the Workmen's Compensation Law nor the question of medical causal relationship is determined by an examination of hospital records."

These points patently fail to comply with Rule 84.04(d). In *Lane v. Katt,* 421 S.W.2d 544 (Mo.App.1968), we said an appellant's "points relied on should be used as a target pistol firing at a bull's-eye, not as a shotgun firing at clay pigeons." The defective brief warrants affirmance of the judgment denying plaintiff's claim. Rule 84.08.

■ In so concluding we realize the Workmen's Compensation Law is to be liberally construed in favor of the employee. Section 287.800, RSMo 1969; *Marie v. Standard Steel Works,* 319 S.W.2d 871[4] (Mo. 1959). Accordingly, we have elected to review the record for plain error, Rule 84.-13(c), to determine whether it shows manifest injustice to the plaintiff-employee.

In denying compensation the Industrial Commission found: plaintiff's hospital records showed no causal connection between his claimed accident and his physical condition; after plaintiff's injury he applied for and received 26 weekly $56 private insurance disability payments, declaring his injuries were "not work connected"; by counsel plaintiff thereupon formally declared his intention to abandon his original workmen's compensation claim. The transcript shows these findings were supported by substantial evidence. It follows that the Industrial Commission was justified in denying plaintiff's claim. There was no manifest injustice.

Judgment affirmed.

KELLY and STEWART, JJ., concur.