Joseph R. and Frances BEHLMAN et al., Plaintiffs-Respondents,

v.

CITY OF FLORISSANT, Defendant-Appellant.

No. 37587.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 22, 1977.

**620**

V. Jack Muehlenkamp, Asst. City Atty., Florissant, for defendant-appellant.

Carter, Brinker, Doyen & Kovacs, Steven G. Schumaier, Clayton, for plaintiffs-respondents.

WEIER, Judge.

Owners of six pieces of property on St. Catherine Street in the City of Florissant brought suit against that City for damages because the City raised the grade of the street in front of their premises. Construction work began in August of 1973 and ended in October of 1974. Prior to the commencement of construction each plaintiff received some money for land taken for the widening and in this suit do not claim any further encroachment from the road. Plaintiffs' evidence indicated that prior to construction their front lawns and driveways had only a slight slope down to the street and they experienced no difficulty with surface water, most of which flowed out to the street. But after the street was raised, rain water no longer flowed out to the street. It remained in puddles on the lawns. Trees and shrubs were lost and some water seeped into basements. Plaintiffs claim these problems as well as difficulty in entering and leaving their driveways, particularly when ice and snow are present, have caused a decrease in the fair market values of their homes for which the City is liable. A jury found for all plaintiffs in amounts varying from $3,100 to $4,800. The defendant City of Florissant appeals. We affirm.

Defendant's first point relied on states: "The verdict of the jury on all six counts was excessive and against the weight of the evidence." This point violates Rule 84.04(d) because it fails to "state briefly and concisely what actions or rulings of the court are sought to be reviewed . . . ." Rule 84.04(d). For this violation of the Rule, defendant's first point is dismissed. *Kellin v. ACF Industries, Inc.*, 528 S.W.2d 533, 534[1] (Mo.App.1975).

Defendant's second contention is that the court erred in not granting defendant's motion for a directed verdict at the close of plaintiffs' case "on the grounds that the only evidence presented on damages pertained to surface water and driveway ingress and egress which, as a matter of law, should have been found by the court not to be a measure of damage or a factual issue to be decided by the jury upon which an award in damages could be made." Although Article I, Section 26 of the Constitution of Missouri provides that "private property shall not be taken or *damaged* for public use without just compensation" (emphasis added), there are several situations where the state may damage private property without compensating the owner.[1] Examples include depreciation in the value of property due to a change in zoning,[2] depreciation resulting from increased traffic noise on a new highway when other people in the neighborhood share the same problem,[3] decrease in the value of property by reason of diversion of traffic away from commercial property,[4] and remote and spec-

---

1. See generally, Happy, *Damnum Absque Injuria: When Private Property May be Damaged Without Compensation in Missouri*, 36 Mo.L. Rev. 453 (1971).

2. *State ex rel. Oliver Cadillac Co. v. Christopher*, 317 Mo. 1179, 298 S.W. 720, 722–724[1]

(banc. 1927), appeal dismissed, 278 U.S. 662, 49 S.Ct. 17, 73 L.Ed. 569 (1928).

3. *State ex rel. State Highway Commission v. Turk*, 366 S.W.2d 420, 421–422[1] (Mo.1963).

4. *Kansas City v. Berkshire Lumber Company*, 393 S.W.2d 470, 474[2] (Mo.1965).

ulative damages.[5] Defendant here apparently contends that the damages suffered by these plaintiffs are similarly non-compensable.

The evidence showed plaintiffs' property decreased in market value because St. Catherine Street was raised. The increase in the level of the street was from two to four feet. Plaintiffs' expert appraiser, Michael Buckley, testified that the decline in value was due to lack of buyer appeal and lack of marketability. Buckley and plaintiffs testified that this lack of marketability resulted from problems in draining surface water from the adjacent property, unsightliness and difficulty in entering and leaving the street via plaintiffs' driveways.

■ The damages caused by a municipality changing the level of a city street from its natural level to an established grade are compensable. "Under section 21 [now Article I, Section 26], the city can no more alter or change the grade of a street to the damage of a lot abutting upon it without compensation to the owner, than it can take private property for public use without compensation to the owner." *Householder v. City of Kansas*, 83 Mo. 488, 494 (1884); *see also Lange v. City of Jackson*, 440 S.W.2d 758, 762[2] (Mo.App.1969). In a suit by property owners to recover for such damages, the amount thereof is a jury question and if the verdict is supported by substantial evidence, it will not be disturbed on appeal. *Melvin v. Mound City*, 185 Mo. App. 522, 172 S.W. 482, 483[2] (1914).

■ The evidence concerning surface water being blocked by the raised street was properly admitted as a compensable element of damage. *State ex rel. State Highway Commission v. Goodson*, 365 Mo. 260, 281 S.W.2d 858, 862[6] (1955). As stated in that case, "[w]here land is flooded, *or its drainage prevented, by the obstruction of the flow of water*, or its diversion from its natural channel, there is, in general, such a taking or injury as entitles the owner to compensation." *Goodson, supra*, 281 S.W.2d at 863, quoting 29A C.J.S. Eminent

Domain, § 117, p. 471 (emphasis added). *See also, Mohesky v. City of Washington*, 432 S.W.2d 364, 365–366 (Mo.App.1968) (drainage problems caused by raising a street could be considered by the jury in determining whether plaintiff's land was damaged.) The cases cited by defendant, *Spain v. City of Cape Girardeau*, 484 S.W.2d 498 (Mo.App.1972), and *Peters v. Shull*, 379 S.W.2d 837 (Mo.App.1964) (where it was held that property owners may recover under certain circumstances for damages from water being diverted onto their land by defendants) do not, as defendant contends, preclude property owners from recovering for damages resulting from blockage of previous drainage routes.

■ Defendant also contends the jury should not have been allowed to consider evidence of the difficulty plaintiffs experienced in entering and leaving their driveways as a compensable element of damages because plaintiffs were not denied reasonable access. Defendant raised this contention in its oral motion for a directed verdict at the close of all the evidence and in its motion for a new trial. However, because there was no objection to this testimony or motion to strike at the time the evidence was introduced, this point is not preserved for appellate review. *Dyer v. Globe-Democrat Publishing Co.*, 378 S.W.2d 570, 581[10] (Mo.1964).

■ There was substantial evidence of damages to plaintiffs' property from the change in the level of the street to support the jury's verdict.

The judgment of the trial court is affirmed.

CLEMENS, P. J., and DOWD, J., concur.

---

5. *Missouri Power & Light Co. v. Creed*, 32 S.W.2d 783, 787–788[7, 14–16] (Mo.App.1930).