**Herman and Alan ARONSTEIN,
Appellants,**

v.

**MISSOURI STATE HIGHWAY
COMMISSION, Respondent.**

No. 60998.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1979.

Rehearing Denied Oct. 10, 1979.

Charles C. Shafer, Jr., Kansas City, for appellants.

Bruce A. Ring, Chief Counsel, Jefferson City, Earl H. Schrader, Jr., James B. Jackson, Asst. Counsel, Mo. State Hwy. Comm., Kansas City, for respondent.

WELLIVER, Judge.

This case is a direct appeal from a summary judgment entered August 15, 1978, in the Sixteenth Judicial Circuit Court. Appellants seek to recover compensation for alleged damage to property located near the site of a proposed freeway. This court has jurisdiction because the case involves construction of Mo.Const. art. I, § 26. *Hamer v. State Highway Commission,* 304 S.W.2d 869, 870 (Mo.1957). The case arises out of the proposal to construct a north-south "Midtown Freeway" in Kansas City, Missouri. Plans for the freeway were made in the 1950's and respondent State Highway Commission began condemnation proceedings along the route of the proposed freeway in 1968. Between 1968 and 1973, respondent purchased and demolished numerous buildings within the proposed Midtown Freeway "corridor", but at the time this suit was filed respondent had not purchased all of the property required for the project. Respondent had not begun construction of the freeway. In 1973, a federal district court enjoined respondent from acquiring additional property within the freeway corridor pending resolution of a class action suit alleging federal violations, including the failure to provide an adequate environmental impact statement. *The Citizens Environmental Council v. Brinegar,* No. 73–349 (W.D.Mo., filed June 21, 1973).

Appellants reside at 6811 Chestnut, Kansas City, Missouri. Appellants' house is on

the east side of Chestnut. The proposed freeway would be on the west side of the street. Appellants originally commenced an inverse condemnation action in federal district court, alleging a taking prohibited under the Fifth Amendment of the United States Constitution. That action was dismissed on January 26, 1976,.on the ground that there was no direct invasion of appellants' property rights. Appellants then brought this action in the state circuit court, alleging that respondent had "taken or damaged" their property in violation of Mo.Const. art. I, § 26. Appellants allege that delay in the construction of the Midtown Freeway has depressed the market value of their residence by half, or approximately $15,000. Appellants seek to represent a class of persons "similarly situated by reason of their ownership of real estate either in, immediately adjacent to, facing, or along the route of the proposed Midtown Freeway," and claim aggregate damages for the class in excess of five million dollars. The parties agreed before the trial court that the property owned by appellants is located outside of, although in close proximity to, the corridor to be condemned. Based upon the pleadings and the stipulation that appellants' property was located outside of the freeway corridor, the trial court found that there remained no genuine issue of law or disputed material fact and granted respondent's motion for summary judgment. The court did not rule on certification of the alleged class.

We affirm the trial court's action in granting the summary judgment.

Article I, § 26 of the Missouri Constitution provides "[t]hat private property shall not be taken or damaged for public use without just compensation." Appellants contend that respondent's unreasonable delay in completing the Midtown Freeway has caused a decrease in the market value of their real property. We are called upon to determine whether such diminution in value comes within the ambit of Mo.Const. art. I, § 26.

A similar question was presented in *Van de Vere v. Kansas City,* 107 Mo. 83, 17 S.W. 695 (1891). In *Van de Vere,* the plaintiff owned lots adjoining a site on which the city had begun to construct a fire station. The plaintiff sought an injunction and compensation for a projected decrease of 35 to 50 percent in the value of his property. The court acknowledged that the words "or damaged" had not appeared in the Missouri Constitution prior to 1875 and that the outcome of the case depended upon the court's determination of the meaning of the added words. The court stated that the change in wording "must be construed and applied in view of the evils which it was designed to remedy," *id.* at 91, 17 S.W. at 697. The court examined earlier cases that had given a restrictive meaning to the words "taken" and "property". The court determined "that the old line of decisions overlooked the fact that an easement or incorporeal right annexed to land—as that of ingress and egress, and light—is as much property as the right to the land itself, and that the various constitutional amendments were designed to protect these rights." *Id.* at 90, 17 S.W. at 697. The court adopted the rule that a plaintiff who alleges that his property has been damaged for public use "must show that the property itself, or some right or easement connected therewith, is directly affected, and that it is specially affected." *Id.* at 91, 17 S.W. at 697. The court held that the plaintiff was not entitled to an injunction against the construction of the fire station, nor to compensation, because he failed to show that a right connected with his property was directly and specially affected. The requirement of ·direct and special injury to a property right has frequently been reaffirmed in decisions of this court. *Wells v. State Highway Commission,* 503 S.W.2d 689, 691 (Mo.1973); *Marvin E. Nieberg Real Estate Co. v. St. Louis County,* 488 S.W.2d 626, 629 (Mo.1973); *Hamer v. State Highway Commission,* 304 S.W.2d 869, 871 (Mo.1957); *State ex rel. City of St. Louis v. Beck,* 333 Mo. 1118, 63 S.W.2d 814, 815 (1933); *Peters v. Buckner,* 288 Mo. 618, 637, 232 S.W. 1024, 1029 (banc 1921) (Graves, J., concurring); *Nagel v. Lindell Ry.,* 167 Mo. 89, 98, 66 S.W. 1090, 1092 (1902); *Ruckert v. Grand Ave. Ry.,* 163

Mo. 260, 278, 63 S.W. 814, 819 (1901); *Funke v. City of St. Louis,* 122 Mo. 132, 139, 26 S.W. 1034, 1036 (1894).

Appellants in this case have failed to allege or show that any right connected with their property is directly affected, or that any injuries they have suffered are "special" in the sense of being "different in kind, and not merely in degree, from those suffered by other members of the community." *Nagel,* 167 Mo. at 98, 66 S.W. at 1092; *Ruckert,* 163 Mo. at 278, 63 S.W. at 819; *Van de Vere,* 107 Mo. at 89–90, 17 S.W. at 697. Appellants do not allege a physical invasion of their property, and stated in court that their property was outside the corridor of property to be taken. They allege no deprivation of a right of access to their residence. Appellants do not allege that respondent has taken an easement or invaded any incorporeal right attached to their land. Any inconvenience or annoyance which the appellants allege they have suffered or expect to suffer in the future is not different in kind from that sustained by members of the public generally. On the facts alleged, appellants' property has not been "damaged for public use" within the meaning of Mo.Const. art. I, § 26.

In each of the cases cited by appellants involving recovery by an abutting landowner, the landowner claimed injury to property that was distinct from that suffered by the general public.[1] These cases do not support appellants' claim for compensation in the absence of such special injury.

Other cases cited by appellants do not support their claim that "condemnation blight" is compensible in Missouri. *Land Clearance for Redevelopment Authority v.*

*Massood,* 526 S.W.2d 354, 357 (Mo.App.1975) recognized that "the threat of condemnation proceedings is not an element of damages for a taking in condemnation," citing *State ex rel. State Highway Commission v. Samborski,* 463 S.W.2d 896, 902–03 (Mo. 1971); *St. Louis Housing Authority v. Barnes,* 375 S.W.2d 144, 147 (Mo.1964); *State ex rel. City of St. Louis v. Beck,* 333 Mo. 1118, 63 S.W.2d 814, 817 (banc 1933). *Massood* criticized as anachronistic Missouri's adherence to the rule that the date of valuation in condemnation should not be earlier than the date the condemnor takes title or possession, and suggested that recognition of the notion of "condemnation blight" might ease whatever hardship results to the condemnee from a "grossly premature announcement of condemnation." 526 S.W.2d at 357–58. This is not an appropriate case to address the problem posed in *Massood,* because appellants here concede that their property is not among those properties which respondent intends to condemn. Similarly, *Klopping v. City of Whittier,* 8 Cal.3d 39, 104 Cal.Rptr. 1, 500 P.2d 1345 (banc 1972), and *Washington Market Enterprises v. City of Trenton,* 68 N.J. 107, 343 A.2d 408 (1975), do not support appellants' claim for recovery, because those cases involved land which the respective cities planned to condemn.

The trial court did not err in granting summary judgment. The judgment is affirmed.

BARDGETT, C. J., DONNELLY, RENDLEN, SEILER and MORGAN, JJ., and WELBORN, Special Judge, concur.

---

1. *Behlman v. City of Florissant,* 548 S.W.2d 619 (Mo.App.1977) (damage to abutting land resulting from raise in grade level of street two to four feet; substantial evidence that grade change prevented surface water drainage, with loss of trees and shrubbery and seepage of water into basements, and caused plaintiffs difficulty entering and leaving their driveways); *Missouri Pub. Serv. Co. v. Garrison,* 454 S.W.2d 628 (Mo.App.1969) (power line easement ½ mile long taken across defendant's farm property); *Lange v. City of Jackson,* 440 S.W.2d 758 (Mo.App.1969) (raise in grade level of street four to six feet, rendering plaintiff's driveway unusable); *State ex rel. State Highway Comm'n v. King Bros. Motel,* 388 S.W.2d 522 (Mo.App.1965) (condemnation of land for widened highway, new access ramp, and outer roadway, where condemnee's house was the only one subjected to glare of traffic headlights on outer roadway); *State ex rel. State Highway Comm'n v. Brockfeld,* 378 S.W.2d 254 (Mo. App.1964) (loss of easement of access to highway with construction of limited access highway); *Lewis v. City of Potosi,* 317 S.W.2d 623 (Mo.App.1958) (discharge of sewage from city lagoon into creek crossing plaintiff's farmland, allegedly causing illness in livestock).

HIGGINS, J., not participating because not a member of the court when cause was submitted.