McFarland v. Bellows.

———————◆———————

JAMES MCFARLAND, Respondent, v. JOHN BELLOWS, Appellant.

1. *Practice, civil — Motion to strike out evidence as insufficient.*— There is no law in this State authorizing the court, at the close of plaintiff's case, to strike out his testimony on the ground that the same is insufficient to make out a case for plaintiff.  Where there is a total want of evidence, the court may instruct the jury to that effect and direct them to find for the adverse party. But where there is any evidence conducing to prove the issue for which it is offered, it must go to the jury, who are the exclusive judges of its weight.
2. *Verdict — Jurymen — Testimony of as to.*— Jurymen will not be permitted to testify what transpired in the jury-room in making up their verdict.

*Appeal from Jasper Circuit Court.*

*Bray & Cunningham*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

This was a suit commenced by attachment against the defendant for the unlawful taking and carrying away of certain personal property belonging to the plaintiff.  During the progress of the trial, a motion was made to rule the plaintiff to give additional security for costs.  The record does not show that this motion was ever passed upon by the court, or that any order was ever made in regard to the matter.  A new bond, however, was filed, and the defendant moved to dismiss the case because the bond was not filed within the time prescribed by law and by the order of the court.  This motion was overruled.  As the record does not show any error, we are bound to presume that the court decided correctly.

At the close of the plaintiff's testimony the defendant moved to strike the same out because it was insufficient and failed to

make out a case for plaintiff. This the court refused to do. We know of no law in this State authorizing such a practice. Where there is a total want of evidence, the court may instruct the jury to that effect and direct them to find for the adverse party. But where there is any evidence conducing to prove the issue for which it is offered, it must go to the jury, who are the exclusive judges of its weight. In the present case the evidence was ample to justify its submission to the jury.

It is further objected that the oath of loyalty was not administered to the jury. The objection was not made at the time the jury was impaneled, nor does the record show anything respecting it. The record shows that a legal jury was obtained, and that they were sworn and impaneled, and we will presume that the action of the court was regular till the contrary appears.

The defendant offered to prove by one of the jurymen that the jury were guilty of misconduct in the manner of arriving at their verdict. But the court refused to allow the fact to be shown in that way. It is so well established that a juryman will not be permitted to testify as to what transpired in the jury-room, in the matter of making up the verdict, that it is useless to discuss the subject.

It is not contended that the court committed any error in giving or refusing instructions, and the point was not made in the motion for a new trial. The whole case was essentially one of fact, and that belonged entirely to the province of the jury.

Upon the record we think the judgment should be affirmed. The other judges concur.