S. M. STEVENS, Respondent, v. A. J. EARLL, Appellant.

Springfield Court of Appeals, May 6, 1912.

1. JUSTICES' COURTS: Attachments: Change of Venue. When plaintiff sues on an action before a justice of the peace and in aid of his action procures an attachment and such attachment is resisted by a plea in abatement and the issues presented by such plea are tried by a jury, and the cause then set for trial on the merits at a subsequent date, the plaintiff is entitled . to a change of venue from such justice upon filing an affidavit setting up a reason authorized by the statute, provided the same is filed · before a jury is sworn to try the cause on the merits.

2. CHANGE OF VENUE: Statutory Right: Practice. The right to a change of venue only exists by virtue of some statute authorizing it.

3. ATTACHMENT: Judgment on Plea in Abatement. An attachment in aid of a civil suit is a mere provisional remedy and an ancillary incident in the cause and the judgment on the issue in abatement is no more than an interlocutory judgment.

4. JUSTICES' COURTS: Attachment: Change of Venue: Appeal. An appeal by defendant from a judgment against him on the merits rendered by the justice having jurisdiction of the cause on a change of venue, taken after a judgment has been rendered on the plea in abatement, would carry the whole case to the circuit court for retrial.

5. ——: ——. The law governing attachments in courts of record applies to judgments before a justice of the peace.

Stevens v. Earll.

Appeal from Jasper Circuit Court.—*Hon. David .E. Blair,* Judge.

AFFIRMED.

*Clay & Davis* for appellant.

(1) Section 7481, Revised Statutes 1909, provides: "Either party shall be entitled to a change of venue in any civil cause pending before a justice of the peace, if he shall, before the jury is sworn, or the trial is commenced before the justice, file an affidavit," etc. The cause pending referred to in the section above quoted does not mean the cause of action sued upon, but refers to and means the case pending, the action pending, the suit pending. (2) Cause pending is not synonymous with cause of action, but cause and case are used as synonymous in statutes and judicial decisions, each meaning a proceeding in court, a suit, an action. 2 Words and Phrases, p. 1013. (3) The investigation of the truth of the grounds alleged in the affidavit for attachment was a trial. 8 Words and Phrases, p. 7095; R. S. 1909, sec. 1967; Breed v. Hobart, 187 Mo. 140. (4) Section 2335, Revised Statutes 1909, provides that plaintiff in an attachment suit may appeal from either the judgment on the plea in abatement and on the merits as the case may be or both, but that the defendant must appeal from the whole case, if he appeals at all. It has been held that this section governs appeals from justices of the peace in attachment suits. Stephenson v. Jones, 84 Mo. App. 249; Newman v. York, 74 Mo. App. 292. (5) If the change had been granted, and if the defendant had lost the suit upon the merits in the court to which the cause was transferred how could his appeal from the merits bring up the judgment on the plea in abatement from the court of Justice Earl? (6) The case of Gibson v. Sidney, 69 N. W. (Neb.) 314, is an authority in sup-

port of the proposition that a trial of a plea in abatement is a trial within the meaning of our change of venue statute.

*John B. Cole* and *John J. Wolfe* for respondent.

(1) The plaintiff in the case before Justice Earll, plaintiff's action being a civil action, was entitled to have an attachment therein. R. S. 1909, sec. 2294. (2) The law gave the defendants in said case of Stevens v. Mahmood, the right to file a plea in the nature of a plea in abatement and to have trial of the issue raised thereby: R. S. 1909, sec. 7644, 7645. (3) After the attachment of Mr. Stevens against the Mahmoods had been sustained, there remained to him "a civil cause pending before a justice of the peace," and he had a legal right to a change of venue upon application before a jury was sworn to try that cause, on the trial commenced before the justice, sitting as a jury. R. S. 1909, sec. 7481. (4) Does the civil cause referred to in section 7481, Revised Statutes 1909, mean the cause of action sued on? We submit that such is plainly the sense conveyed by the language used. (5) Attachment in a civil action is merely an ancillary proceeding in civil cause of action or suit pending. 5 Amer. Digest, p. 198; Frank v. Siegel, 9 Mo. App. 468; Curtis v. Moore, 3 Minn. 29; R. S. 1909, sec. 2294. (6) The process of attachment is merely auxiliary and is intended in certain cases to seize the property of a defendant and hold it to abide the suit. 1 Withrow & Stiles, Iowa Digest, 88.

NIXON, P. J.—Respondent brought an action against Tofeck Mahmood and Ollie Mahmood in the court of A. J. Earll, the appellant herein, a justice of the peace in Jasper county, upon an account for merchandise alleged to have been sold and delivered but never paid for. In aid of his suit, respondent had

an attachment as the statute provides (section 2294, Revised Statutes 1909). The Mahmoods filed a plea in abatement of the attachment (under section 7644, Revised Statutes 1909), and on the issues thus raised requested and had a jury which on the trial returned a verdict finding for the plaintiff, Stevens, thereby sustaining the attachment. That jury was thereupon discharged. Some days afterward the case came on for trial on the merits. Defendants requested a jury and a venire was issued for one. The plaintiff, Stevens, appeared and before the jury was impaneled and sworn filed an affidavit for a change of venue alleging that plaintiff could not have a fair trial of said cause in said court on account of the bias and prejudice of the justice, A. J. Earll, against plaintiff, and that said ground was discovered by plaintiff since the convening of court that morning. The affidavit was not opposed by any objection as to form or substance, but the Mahmoods did object to the change of venue claiming that Stevens having tried the issue raised by plea in abatement in the attachment proceedings before Justice Earll had no right to a change of venue from Justice Earll on the trial as to the merits of the cause, but must submit to trial in Earll's court. The justice adopted the view that as the attachment issue was tried before him, the issues upon the merits, therefore, must be tried before him, overruled the application for change of venue, and ordered the trial to proceed. Thereupon the plaintiff, Stevens, applied to the circuit court of Jasper county for a writ of mandamus commanding said justice to grant such change of venue, or to show cause why he should not do so, and the alternative writ was granted. Justice Earll appeared in the circuit court and moved to quash the writ "for the reason that no fact or facts are stated in said writ entitling plaintiff to the relief therein sought." The circuit court overruled said motion to quash the alternative writ. Thereupon the

court heard the facts and made a finding of facts (which finding appellant does not preserve and present in his record) and thereupon rendered judgment to the effect that the court's order to said Justice Earll to grant the change of venue as prayed be made permanent. Thereafter the appellant moved to set aside the circuit court's judgment and to grant him a new trial, assigning two grounds, as follows: ''(1) The court erred in overruling appellant's motion to quash. (2) The judgment of the court is against the law.'' The circuit court overruled said motion and in the usual way an appeal was applied for and granted to this court.

The question for our consideration may be thus stated: When plaintiff sues on an account before a justice of the peace and in aid of his action procures an attachment and such attachment is resisted by a plea in abatement, and the issues presented by such plea are tried to a jury, and the cause set for trial on the merits at a subsequent date, is the plaintiff entitled to a change of venue from such justice, upon filing an affidavit setting up a reason authorized by the statute, before a jury is sworn to try the cause?

The right to a change of venue only exists by virtue of some statute authorizing it. The controversy in this case is over the construction to be given the language used in section 7481, Revised Statutes 1909, and the general law relating to change of venue in civil actions.

Section 7481 is, in part, as follows: ''Either party shall be entitled to a change of venue in any civil cause pending before a justice of the peace, if he shall, before the jury is sworn, or the trial is commenced before the justice, file an affidavit . . . that he cannot have a fair and impartial trial before such justice on account of his bias or prejudice, . . . which

164 App.—30

affidavit may be made either by a party to a suit pending or by said party's agent or attorney.''

Appellant contends that the ''civil cause pending,'' referred to in this section, does not mean ''the cause of action sued on.''

Section 7644, Revised Statutes 1909, provides: ''In all cases where property or effects shall be attached, the defendant may put in issue, by a verbal plea in the nature of a plea in abatement, on oath, the substance of which shall be noted by the justice on his docket, the existence of the facts alleged in the affidavit on which the attachment was sued out.''

Section 7645, Revised Statutes 1900, is as follows: ''Upon such issue the plaintiff shall be held to prove the existence of the facts alleged by him as the ground of the attachment, and if the issue be found for him, the cause shall proceed; but if it be found for the defendant, the attachment shall abate at the cost of the plaintiff, and he and his securities shall be liable on their bond for all damages occasioned by the attachment or other proceedings in the case; but the suit shall proceed to final judgment on the merits of the cause of action sued on.'' It is clear that this section does distinguish the issue in the attachment proceedings from the issues ''on the merits of the cause of action sued on.'' The first ''issue'' referred to in this section is plainly an issue arising subsequent to the existence of the ''cause of action sued on,'' and such issue arises out of the facts alleged in the affidavit, as the ground of the attachment—facts required to be proved by the plaintiff upon *such issue* joined by reason of the ''verbal plea in the nature of a plea in abatement, on oath'' provided for in section 7644. Such facts alleged in the affidavit, possibly did not exist when the suit was filed and therefore could be no part of the cause of action sued on. *Such issue,* therefore, arising out of such facts to be so tried (before the cause or suit shall proceed) necessarily is not an

issue *in the cause of action sued on.* "Such issue" to be "found" was not intended to be found by "the jury" mentioned in section 7481. And expressly, by the terms of section 7645, the determination of "such issue" cannot affect the issues in "the cause of action sued on." We think it is clearly understood that an attachment in aid of a civil suit is a mere provisional remedy—an ancillary incident allowed in the cause. To file a civil action is one thing, and to have defendant's property seized and held by the proper officer pending the litigation thus insuring satisfaction or part satisfaction of whatever judgment may be obtained is quite another thing. "The writ of attachment is not a form of action. It is not a suit either at law or in equity. It is a mere aid by which the defendant or his property, or both, may be brought into court to abide the result of the litigation." [Frank v. Siegel, 9 Mo. App. l. c. 468.] The auxiliary proceeding of attachment may be defective without affecting the principal case, by express provision of section 7645, Revised Statutes 1909. It is our opinion that "the jury" referred to in section 7481 is the jury sworn to try the "civil cause" and not the auxiliary proceeding which may arise or may not arise in the "civil cause." The judgment on the issue in abatement is no more than an interlocutory judgment. [Duncan v. Forgey, 25 Mo. App. 310.] In 24 Cyc. 508, in the article on justices of the peace, it is said that "An application for a change of venue should be made before the commencement of the trial." In Minnesota it is held that neither a settlement of the pleadings nor the argument of a motion to dissolve an attachment is a commencement of the trial, and that an application for a change of venue before the commencement of the trial on the merits is in time. [Curtis v. Moore, 3 Minn. 29.]

Section 7654, Revised Statutes 1909, provides that the provisions of law governing attachments in courts

of record shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter. Section 2335, Revised Statutes 1909, provides that plaintiff in an attachment suit may appeal from either the judgment on the plea in abatement and on the merits as the case may be or both, but that defendant must appeal from the whole case if he appeals at all. Appellant asks how—if the change of venue had been granted and the defendants had lost on the merits in the court to which the cause was transferred—defendants could have appealed and brought up the judgment on the plea in abatement from the court of Justice Earll. Section 7482, Revised Statutes 1909, provides that upon the filing of the affidavit in due time, the justice must allow the change of venue and note the fact in his docket, and that he shall immediately transfer all the original papers and a transcript of all his docket entries in the case to some convenient justice, etc. Section 7483, Revised Statutes 1909, provides that the justice to whom the cause is sent, shall, when he becomes possessed of the cause, forthwith proceed with the same in like manner as if it had been originally commenced before him, etc. An appeal by defendant from a judgment against him on the merits by the justice having jurisdiction of the cause by change of venue would carry the whole case, the plea in abatement as well as issues on the merits to the circuit court for retrial. This holding makes the law governing attachments in courts of record apply to judgments before justices of the peace. A careful examination of the different sections of the statutes referred to convinces us that the judgment of the circuit court was for the right party and should be affirmed. It is so ordered. All concur.