STATE EX REL. STATE HIGHWAY COMMISSION, APPELLANT, v. CHARLES G. HARTMAN ET AL., RESPONDENTS.—44 S. W. (2d) 168.

Kansas City Court of Appeals.   December 7, 1931.

*John W. Mather* and *Ralph M. Eubank* for appellant.

*Randolph & Randolph* for respondents.

CAMPBELL, C.—Plaintiff brought action in Buchanan county for the purpose of condemning right of way for State highway across land of Frank S. Kessler and others, not necessary here to name. The commissioners appointed to assess benefits and damages made and returned their report into court. Said defendant timely filed exceptions to the award made by the commissioners. The issues presented by the exceptions were tried to a jury, resulting in a verdict in his behalf in the sum of $2000. From the judgment entered upon the verdict the plaintiff has appealed.

The assignments of error are: (1) That the court erred in denying application for change of venue; (2) that the court erred in overruling motion for rehearing on the application for change of venue, and (3) that the court erred in giving defendant's instruction number 1.

It is recited in the application for change of venue that the three judges of Buchanan county, Missouri, are so biased and prejudiced against plaintiff "that plaintiff cannot have before any of said judges

a fair and impartial trial upon the issues of the amount of damages to be allowed to Frank S. Kessler; . . . that the inhabitants of Buchanan county are so biased and prejudiced against plaintiff in the premises that plaintiff cannot have a fair and impartial trial upon the merits of said controversy in said court. Plaintiff states the above facts have only recently and since the opening day of the present term of court come to the knowledge of plaintiff or its agents, and all due diligence has been used in making this application." The application was verified by one of plaintiff's attorneys under date of February 9, 1931, and was also verified by an agent of plaintiff under date of February 12, 1931. Notice of intention to file the application was served on defendant on February 9, 1931.

Section 910, Revised Statutes, Mo., 1929, provides that the applicant for change of venue shall state in his petition "when he obtained his information and knowledge of the existence" of the ground upon which the petition is based. The recitation here made is that the existence of the alleged prejudice came to the knowledge of plaintiff "since the opening day of the present term of court."

The petition was presented on the 34th day of the term. Thus from aught that appears in the petition, plaintiff may have had knowledge of the existence of the alleged prejudice for a period of thirty-three days before the petition was presented. The statute also requires that the applicant for a change of venue shall annex to his petition an affidavit "that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged." Neither of the affidavits annexed to the petition contains the statement "that affiant has just cause to believe that he cannot have a fair trial on account of the cause alleged" nor an equivalent statement.

The right to a change of venue is purely statutory and the statutes giving the right must be strictly construed. [State ex rel. v. Denton, 107 S. W. 446, 128 Mo. App. 304; Stevens v. Earll, 147 S. W. 211, 164 Mo. App. 461.]

The petition was insufficient, and therefore, properly denied. [St. Louis, Cape Girardeau & Ft. Smith R. R. Co. v. Holladay et al., 33 S. W. 49, 131 Mo. 440, 452; State ex rel. v. Lanbon, 289 S. W. 661, 662.]

There is much learning in the briefs on the question as to whether or not this proceeding is a civil suit within the meaning of the law relating to change of venue. Having determined that the court correctly ruled the application for change of venue, it is unnecessary to pass on that question.

Defendant's instruction number 1, is as follows:

"The jury are instructed that the Constitution of the State of

Missouri provides: 'that private property shall not be taken or damaged for public use without just compensation.'

"The jury are further instructed that the taking of land by the State Highway Commission for highway or road purposes is a taking for public use, and the owner of the property so taken is entitled to the reasonable value of the land taken, and whatever damage, if any, results to the remainder of the tract from which the land for the highway or road is taken by reason of the location and construction of that highway or road, less, however, such special benefits, if any, as accrue to the remaining tract of land by reason of the location and building of the highway or road. Special benefits, however, must be such benefits as accrue to the particular tract of land by reason of some special advantage to the owner which of itself adds to the value of the land and not such benefits as are shared in common with all other landowners who are benefited solely from the fact of the building of the road."

This instruction is assailed from many angles. It is argued that the first paragraph of the instruction is the statement of an abstract legal proposition; that the jury would be led to believe thereby that the appellant was exercising a governmental prerogative against the will of an individual. It has been determined many times in Missouri that a trial court will not be convicted of error for refusing an instruction which is a mere legal proposition. [Wiggington v. Rule, 205 S. W. 168, 275 Mo. 412; K. C. Southern Ry. Co. v. Ry. Co., 24 S. W. 203, 118 Mo. 599.]

But we have not found a case nor are we cited to one in which it is held that the giving of such an instruction is reversible error. Though the first paragraph of the instruction was unnecessary, we do not believe that plaintiff, in view of other instructions given, was harmed thereby. [Cool v. Petersen, 175 S. W. 244, 189 Mo. App. 717, 729.]

Neither do we think that the instruction was prejudicial, though the jury was led thereby to believe that plaintiff "was exercising a governmental prerogatory" against the will of defendant. We will assume the jurors were men of intelligence, and, therefore, knew that they had been sworn to ascertain the amount of damages to the land of defendant resulting from the plaintiff having taken a part thereof for public highway. Moreover, plaintiff obtained an instruction which told the jury "that the defendant is entitled to receive just compensation for any damages he may suffer as a result of the location and construction of State highway," . . . and "in arriving at your verdict you may consider the quantity and market value on the 13th day of October, 1930, of the *lands taken from the defendant* for State highway." [Italics ours.]

Thus the court at the instance of plaintiff told the jury that it was taking the land from the defendant.

The criticisms leveled against the closing paragraph of the instruction are that the term "the particular tract of land" is ambiguous and misleading, if not a positive misstatement of the law; that the word "particular" would lead the jury to believe that the only tract referred to "is that belonging to the respondent Kessler. Read in that light, the definition of the general term 'special benefits' is: '. . . Such benefits as accrue to the Kessler tract . . .' yet special benefits include those benefits accruing only to any tract through which the road runs. The general term cannot be defined by referring to a specific term which does not include all the elements of the general."

Reliance for this contention is based upon the case of State ex rel. v. Jones, 15 S. W. (2d) 338.

"It is also well settled that a benefit, though conferred upon several tracts of land similarly situated, may nevertheless be a special and not a general benefit."

It will be noted that the instruction told the jury that special benefits are "not such benefits as are shared *in common with all other landowners who are benefited solely from the fact of the building of the road.*" [Italics ours.]

Benefits common to all landowners conferred *solely by* the building of a highway are not classed as special benefits, though benefit "conferred upon several tracts of land similarly situated may nevertheless be a special and not a general benefit." [State ex rel. v. Jones, 15 S. W. (2d) 338.]

In the case of State ex rel. v. Duncan, 19 S. W. (2d) 465, 466, the court approved the following instructions:

"By special and peculiar benefits is not meant the benefits which the defendant derives in common with the other landowners generally in the vicinity upon the location and construction of said highway, but such benefits as will be enjoyed by the defendant which are not also enjoyed by other lands generally in the neighborhood."

"The court instructs the jury that by peculiar benefits are meant such benefits, if there are any, as said tract derives from the location of the plaintiff's road through it and as are not common to other lands generally in the same neighborhood through *which said road* does run."

Defendant's instruction number 1, states the correct rule and is not ambiguous. Though the instruction was somewhat ambiguous, we would, nevertheless, not reverse the judgment for that reason.

"Besides, if defendant believed that the instruction, in the form and language aforesaid, might be misleading to the jury, defendant should have requested an instruction advising the jury in more ex-

plicit language respecting the measure of plaintiff's damage, or otherwise limiting the amount of his recovery, or specifically excluding from their consideration such facts and circumstances in evidence as defendant deemed inapplicable and irrelevant to a determination of the amount of recovery.'' [Sallee v. St. Louis-San Francisco Ry. Co., 12 S. W. (2d) 476, 479.]

The plaintiff obtained instructions which submitted the cause to the jury upon the same theory as that advanced in the defendant's instruction.

The plaintiff's instructions are as follows:

''A. You are instructed that the defendant is entitled to receive just compensation for any damages he may suffer as a result of the location and construction of State Highway, U. S. 71AP, and that such just compensation may be received either in the form of money or in the form of special benefits, or in the form of both. In arriving at your verdict you may consider the quantity and market value on the 13th day of October, 1930, of the land taken from the defendant for State Highway, No. U. S. 71AP, and the damage, if you should find there is any damage, to the remainder of defendant's farm, by reason of the location and construction of said highway through it, and from the sum of these, if any, you shall deduct the special benefits, if any, to defendant arising from the presence of said State highway on said lands.

''B. The court instructs the jury that the market value of the property means its actual value, that is the fair value of the property as between one who wants to and is able to purchase and one who wants to sell it; not what could be obtained for it in peculiar circumstances when greater than its fair value could be obtained; not its speculative value; not the value obtained through the necessities of another; and not its sentimental value to this defendant; nor, on the other hand, is it to be limited to that price which the property would bring when forced off at auction under the hammer. The question is, if the defendant wanted to sell his property what could be obtained for it upon the market from parties who wanted to buy and would and were able to give its full value, or what price could be obtained for it on the usual or ordinary terms of private sale.

''C. You are instructed that under the law any benefits which the remainder of the defendants' land may receive on account of the physical relation and proximity of said remainder to State Highway No. U. S. 71AP, and which is not common generally to other lands in that neighborhood must be considered and allowed by you as a special benefit. You are further instructed that such benefits, if any, resulting to the defendants' land from the location and construction of said highway may be special and not general benefits, though conferred,

if you should so find, upon all the other tracts of land upon which the road is constructed.

"D. You are instructed that if you find and believe from the evidence in this case that as a result of the construction of the highway the market value of the defendant's land described in the evidence which is not taken for right of way is increased by reason of special benefits, if any, as defined in these instructions, accruing to said land to such an extent that the market value of defendant's remaining land without that part which has been taken for right of way is more than or as much as the market value of the whole tract was immediately before the construction of said highway, then your verdict must be for the plaintiff.

"E. The court instructs the jury that in determining whether there is any damage to the defendants, you shall not take into consideration such inconveniences and disadvantages, if any, to the defendants as are the consequences of the lawful and proper use of the State highway in question in so far as the same are common to the other landowners in the neighborhood, no portion of whose lands is taken for said State highway."

The instructions should be read together. [Wheeler v. Missouri Pac. R. Co., 18 S. W. (2d) 494, 497.]

When thus considered it is at once apparent the jury was correctly advised as to its duty.

The record is free of error prejudicial to plaintiff. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.