STATE OF MISSOURI, ex rel. STATE HIGHWAY COMMISSION OF MISSOURI, Appellant, v. GRANDISON A. GOODSON, JR., and ELIZABETH C. GOODSON, Respondents, No. 44552—281 S.W. (2d) 858.

Division Two, July 11, 1955.
Motion for Rehearing or to Transfer to Banc Overruled, September 12, 1955.

*Robert L. Hyder, Ralph H. Duggins* and *Minor C. Livesay* for appellant.

262

*James Glenn* and *Arthur M. O'Keefe* for respondents.

[859] BOHLING, C.—This is a condemnation proceeding arising out of the relocation of U. S. Highway 36 across 216 acres of land owned by Grandison A. and Elizabeth C. Goodson, Jr., husband and wife, defendants, in Macon County, Missouri. We refer to the parties as styled in the trial court. Plaintiff's petition sought the appropriation of 11.17 acres for new right-of-way and 2.47 acres for permanent easement for a drainage ditch across the defendants' land and the appointment of commissioners to assess the just compensation due defendants therefor. Commissioners were appointed and awarded defendants $1,065 net damages as just compensation. The defendants filed exceptions to the report of the commissioners on the sole ground the damages awarded were grossly inadequate and did not constitute just compensation to defendants. Plaintiff contended defendants were not damaged. A jury in the circuit court awarded defendants $10,000. Plaintiff has appealed from the judgment entered thereon. We have jurisdiction by reason of the amount in dispute. State ex rel. Chariton River Drainage Dist. v. Montgomery, Mo., 275 S. W. 2d 283, 284[1].

Plaintiff attacks defendants' instruction D-4, first contending the opening paragraph constitutes reversible error, especially in view of defendant Goodson's testimony. Instruction D-4 reads:

"The Court instructs the jury that the plaintiff, State Highway Commission, has, by law, the right to locate its highway over the property of the defendants and thereby take their property without consent and against their will; the law also declares that private property shall not be taken or damaged without just compensation to be paid to the owners; and what in this cause constitutes such a just compensation is a question to be decided by your verdict.

"In passing upon this question, if the jury find from the evidence that the defendants' property in question is damaged, then the jury should allow the defendants:

"First, the fair reasonable market value of the property actually taken by the plaintiff from the defendants' land, as shown by the evidence.

"And second, for such damages, if any, to the remainder of defendants' said land caused by the establishment, building and maintenance of the highway in question, over the defendants' land, which you may find from the evidence, defendants have sustained thereby; and the total amount found on account of these two items, less any special benefits, the amount of which has been proved, if any, as de-

fined in other instructions herein, as will accrue to defendants' remaining property, will be your verdict for the defendants in this case, if your verdict in this case is for the defendants.''

Plaintiff directs attention to the following testimony:

Defendant Goodson testified that after he ascertained what the contemplated arrangements were for drainage: "I started immediately to defend myself."

"I'd tell the jury to give me another road [is] just like giving me another wife. It can't benefit me a bit."

"I've got two highways within one farm and it's not pleasant."

Defendant organized a private drainage district: "Because the highway department took it away from me." "I meant we had. formed a drainage district and I knew that construction violated the laws of the State of Missouri."

Defendants stress State ex rel. State Highway Commission v. Haid, April 19, 1933, Banc, 332 Mo. 606, 607(1), 610[1,2], 59 S. W. 2d 1057, 1058[1-3]. Other defendant-cases are mentioned hereinafter. [860] The Haid case was a certiorari proceeding to determine whether the ruling upholding a like instruction in State ex rel. State Highway Commission v. Caruthers, June 21, 1932, Mo. App., 51 S. W. 2d 126, 130[5], conflicted with any prior ruling of the Supreme Court upon a like or similar instruction; and it was correctly ruled it did not. As disclosed in the Haid opinion, the only issue presented to this court by said relator was that the paragraph "is an abstract proposition of law and for that reason should not have been given." The Haid opinion next points out that the relator's cases involved rulings that it was not error to refuse an instruction stating an abstract proposition of law; that such holdings were not rulings that giving abstract instructions constituted reversible error; and that: "Relator does not point to any decision of this court condemning an instruction similar to the one under consideration. On the contrary, respondents cite cases which approve such an instruction." In so ruling the court stated arguendo and by way of dictum that the instruction "could not have possibly prejudiced or injured the commission. It would seem more reasonable to assume that an instruction informing the jury that the commission had a lawful right to take what it was attempting to take would have tended to help rather than harm the commission." A case is only authority for what it actually decides. The reasoning adopted is not a holding or a precedent. State ex rel. Bixby v. St. Louis, 241 Mo. 231, 238 (I, a), 145 S. W. 801, 803[2, 3]. The issue of error on the merits was not urged here by the Highway Commission in the Haid case, the Commission recognizing that its only standing was to establish a conflict in rulings. An opinion of the Springfield Court of Appeals, the Huddleston case discussed infra, holding a less objectionable paragraph reversible

error and stressed by plaintiff herein, was neither cited to nor mentioned by the court in the Haid opinion.

Instructions approved by the trial court are copied in the opinions cited by respondent in the Haid case but in none was the merits of a like instruction presented for determination here. Consequently, no conflict in rulings was established for quashing the opinion of the court of appeals. Said instructions were not as objectionable as the instant instruction, except the property owner's instruction in St. Louis, K. & N. W. R. Co. v. Knapp, Stout & Co., 160 Mo. 396, 409 (III, 1), 61 S. W. 300, 303 (3), which, so far as here involved, was an appeal by the owner, who did not attack his given instructions. Nor do we perceive of a valid reason for the owner objecting to the paragraph under discussion. Property owners were the appellants in the following cited cases: St. Louis, K. & N. W. R. Co. v. St. Louis Union Stockyard Co., 120 Mo. 541, 552, 25 S. W. 399, 401; Chicago, G. W. R. Co. v. Kemper, 256 Mo. 279, 293 (III), 166 S. W. 291, 295 [7], Ann. Cas. 1915D, 815; Southern Ill. & Mo. Br. Co. v. Stone, 194 Mo. 175, 182 (2), 92 S. W. 475, 476 (2). In Metropolitan St. R. Co. v. Walsh, 197 Mo. 392, 398 (1), 416 (VI), 94 S. W. 860, 861 (1), 868 (6); Gary v. Averill, 321 Mo. 840, 848, 12 S. W. 2d 747, 751 [15], the plaintiff-condemner appealed but the instant issue was not presented. We do not find the instant issue ruled by this court on the merits.

In State ex rel. State Highway Commission v. Huddleston, July 22, 1932, Mo. App., 52 S. W. 2d 33, 34 [2], the Springfield Court of Appeals held a property owner's less objectionable instruction erroneous in view of the evidence adduced. It read: "The court instructs the jury that under the Constitution of the State, private property cannot be taken for public use without just compensation being paid to the owner. The plaintiff in this case has taken a strip of land through defendants' lands for the purpose of a highway. Your verdict therefore must be for the defendants, unless," in short, the special benefits equaled or exceeded the value of the land taken and the damages to the portion not taken. The owner testified he did not know "the difference in market value before and after the road was put through"; that "I love the place," "I wanted to keep it"; that he would not have sold it at all if he could have helped it; and that the farm was injured and ruined. [861] The court reasoned that the assistance of the court was had solely because the parties could not agree on the compensation and damages; that neither the court nor the jury had anything to do with the location of the highway over defendants' land nor the justice of the taking of the land for that purpose.

The Haid case, supra, and defendants' other cases (ruling like instructions not prejudicially erroneous) differ in that we find in none testimony similar to that found in the Huddleston and in this case.

In each of defendants' cases the State Highway Commission as relator was plaintiff. They are State ex rel. v. Williams, Mo. App., 263 S. W. 2d 444, 446, 448[3, 4]; State ex rel. v. Leftwich, Mo. App., 263 S. W. 2d 742, 745[4]; State ex rel. v. Boone, Mo. App., 52 S. W. 2d 186, 188; State ex rel. v. Bank of Lewis County, Mo. App., 102 S. W. 2d 774, 777; State ex rel. v. Stoddard Gin Co., Mo. App., 62 S. W. 2d 940, 943; State ex rel. v. Watkins, Mo. App., 51 S. W. 2d 543, 545[7], and State ex rel. v. Hartman, 226 Mo. App. 604, 44 S. W. 2d 169, 170[4, 5]. Some of the above cases cite the Haid case, supra, as authority. In only the Williams and Stoddard Gin Co. cases do the words "without their consent and against their will" appear. From the Williams' opinion there were no facts of record to lead the court to believe plaintiff was prejudiced. In the Stoddard Gin Co. case the Highway Commission appealed from an order granting defendant a new trial. The instant issue is not discussed. The court ordered the verdict reinstated and judgment entered thereon. Less objectionable instructions were before the court in the other cases. In the Leftwich case the court considered the paragraph unnecessary, abstract in nature, and best omitted; and observations to like effect are in the Watkins and Hartman cases.

The State Highway Commission proceeds in condemnation proceedings in accordance with the provisions of Chapter 523, RSMo 1949 (see §§ 226.270 and 227.120(13)); and the sole question for the jury to consider in the instant case under § 523.050 was the owners' just compensation. Kansas City Sub. B. R. Co. v. Kansas City, St. L. & C. R. Co., 118 Mo. 599, 617, 618, 24 S. W. 478, 483.

Cautionary instructions are of course proper where the record warrants, resting largely in the trial court's discretion. The Kemper case and Gary v. Averill, supra, among others. Practicing attorneys may well question an instruction cautioning the jury in behalf of their client when submitted by an opponent. The questioned paragraph emphasizes evidence foreign to any issue with which the jury was concerned. It may state an abstract proposition of law but the factual situation implied in "without consent and against their will" does not necessarily follow. The property owner may prefer the location of the highway through his land over a location, say, a mile or more from his land, and consider he is entitled to compensation because some of his land is devoted to public use. "Without consent and against their will" could only refer to and comment upon defendant Goodson's statements quoted above. Said statements presented no fact issue and embraced no constitutive element for consideration in arriving at the damages, the sole issue for the jury. The paragraph, introducing the owners' main damage instruction, is in apt language to inflame the minds of the jurors, to arouse their sympathy for the defendants and prejudice against the plaintiff, and for a verdict in a larger amount than warranted by an impartial consideration of the

evidence. We conclude after a careful review of the authorities that the record establishes reversible error.. Illinois, I. & M. R. Co. v. Easterbrook, 211 Ill. 624, 71 N. E. 1116, 1118, so ruled a similar instruction.

We consider plaintiff's complaint against paragraph 4 (beginning: "And second *") of instruction D-4 and the assignment that the court erred in refusing plaintiff's instruction B. Refused instruction [862] B is known as a "measure of damages" instruction (difference between fair market value of the property before and after condemnation) and paragraphs 3 and 4 of instruction D-4 are known as an "admeasurement of damages" instruction (value of land actually taken and damage to remainder of tract, less special benefits). State ex rel. Chariton River Drainage District v. Montgomery, Mo., 275 S. W. 2d 283, 285[2,3]. , Refused instruction B conforms to instruction No. 1 in City Water Co. v. Hunter, 319 Mo. 1240, 6 S. W. 2d 565, 566[4], and that statement of the law stands approved in other cases. See the Montgomery case, supra l.c. 286, quoting earlier cases; Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S. W. 647, 649[2]; State ex rel. State Highway Commission v. Craighead, Mo. App., 65 S. W. 2d 145, 148[3], and cases cited. An "admeasurement of damages" instruction, perhaps more appropriately worded, was approved in the Montgomery case. Plaintiff admits like instructions have been approved. The Montgomery opinion also ruled it was not error to refuse a "measure of damages" instruction where an "admeasurement of damages" instruction was given, stating (l.c. 286, 287): "But it seems each expression inclusively defines as well as complements the other. The St. Louis Court of Appeals [the Craighead case, supra] has nicely expressed it as follows, 'Of course, in the final analysis, the measure of damages in a condemnation proceeding is the difference in the reasonable market value of the entire tract before and after the appropriation of the part taken. [Citing cases.] However, the same result may be and usually is reached in another way, * * [by an admeasurement of damages instruction].' " The foregoing answers the "point" made in plaintiff's brief. It is usually a safe rule to adopt an applicable instruction which has uniformly met the approval of the appellate courts. Refused instruction B meets this condition. While its refusal has been held not error in the circumstances of record here, from the language in the Montgomery case it could have been given to submit plaintiff's view of the issue. See also State ex rel. State Highway Commission v. Williams, Mo. App., 263 S. W. 2d 444, 446, 449[5]. The addition of "or damaged" to Art. 2, § 21, Mo. Const. 1875 (now Art. 1, § 26, Mo. Const. 1945), reading: "That private property shall not be taken or damaged for public use without just compensation" (see Mo. Const. 1865, Art. 1, § 16; Mo. Const. 1820, Art. 13, § 7) did not affect the then existing rule or add new elements of just

compensation, "or damaged" applying when an owner's property, although not taken, was damaged. St. Louis, K. & N. W. R. Co. v. Knapp, Stout & Co., 160 Mo. 396, 413, 61 S. W. 300, 304; Texas-Empire Pipe Line Co. v. Stewart, 331 Mo. 525, 55 S. W. 2d 283, 285[1-3]. After all, the jury is concerned with the decrease in the reasonable market value of the remainder of the tract on this specific aspect of the compensation to be paid.

Plaintiff questions the quoted clause in defendants' instruction D-6, defining "special benefits," reading: "* * and not such benefits as are shared in common with all other landowners who are benefited solely from the fact of the building of the road." The instruction is a copy of defendants' instruction No. 1 in State ex rel. State Highway Commission v. Hartman, 226 Mo. App. 604, 44 S. W. 2d 169, 170. The court in the Hartman case (l.c. 171[9]) considered the instruction not reversible error. A reading of State ex rel. State Highway Commission v. Pittsburg Mtg. & Inv. Co., Mo. App., 86 S. W. 2d 944, 946[1], relied on by plaintiff to establish error, does not sustain plaintiff's contention. The instruction in the latter case was considered erroneous because of a statement to the effect that special benefits are not shared by a "considerable number of other property owners." The court pointed out that special benefits could be shared by a considerable number of other property owners on the highway.

Plaintiff states the court "erred in admitting evidence as to drainage conditions that existed prior to the construction [863] of the highway." Defendant Goodson, whose qualifications are not questioned, testified the 42 inch tube installed underneath the highway to drain defendants' land would not provide an adequate opening for that purpose. Plaintiff's cross-examination of several of defendants' witnesses adduced corroborating testimony. "Where land is flooded, or its drainage prevented, by the obstruction of the flow of water, or its diversion from its natural channel, there is, in general, such a taking or injury as entitles the owner to compensation." 29 C. J. S. 930, § 117. See 18 Am. Jur. 782, § 151, n. 19, and Supplement § 161.1; Inter-River Drainage Dist. v. Ham, 275 Mo. 384, 204 S. W. 723, 724[2]; Rose v. City of St. Charles, 49 Mo. 509.

Plaintiff claims error in permitting defendants' witness Haynes, who had much experience in the real estate and appraisal business, to take "into consideration the question of fencing" in his testimony respecting defendants' damages. The cost of fencing when necessary is one of the elements that increases the just compensation to the landowner, and evidence of the cost of suitable fencing is competent to afford a means of arriving at the just compensation for that burden. Howell v. Jackson County, 262 Mo. 403, 419, 171 S. W. 342, 347, quoting 2 Lewis, Eminent Domain, 3rd Ed., § 741; State ex rel. State Highway Commission v. Haid, 332 Mo. 606, 59

S. W. 2d 1057, 1059; 29 C. J. S. 1036, § 164; 18 Am. Jur. 909, §. 268.

Plaintiff does not point out where the only remaining point in plaintiff's brief, which is in the form of an assignment of error on the exclusion of certain evidence, appears in the record or point out wherein the authority cited to the point establishes error. In the circumstances the matter thus presented is not for review. Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S. W. 2d 834, 840[17, 18]; State ex rel. State Highway Commission v. Cook, Mo. App., 161 S. W. 2d 691, 694[5].

The judgment is reversed and the cause is remanded. *Barrett* and *Stockard, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.