STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION, Respondent,

v.

Lelia Mae ANDERSON and George
Anderson, Appellants.

No. 23650.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

Harry T. Limerick, Jr., James A. Mc-
Gee, Columbia, for appellant.

Robert L. Hyder, Samuel C. Ebling,
Jefferson City, for respondent.

BROADDUS, Presiding Judge.

This is a proceeding brought by the State
Highway Commission, the respondent, to
condemn certain land belonging to defend-
ants for road purposes. The suit was in-
stituted in the Circuit Court of Boone
County on February 6, 1961. Commission-
ers were appointed by the court to view
the property and to assess net damages to
the defendants. On February 20, 1961, the
Commissioners reported the net damages
to defendants at $7325. Exceptions were
duly filed to this report and the cause was
tried before a jury resulting in a verdict
for $3775. Judgment was entered on said
verdict. A motion for new trial was duly
filed by defendants and overruled by the
trial court. This appeal followed.

In this proceeding the State Highway
Commission sought to condemn 4.85 acres
of land from a 40 acre tract belonging to
the appellants located about six miles east
of Columbia on Highway 40 at the inter-
section of Route Z, being the principal
intersection between Columbia and King-
dom City. The appellants' 40 acres was
bounded on the south by old Highway 40,
a concrete pavement, and on the west by a
blacktop known as Highway Z connecting
the highway with Centralia and towns to
the north. The appellants had access the
entire length of their property on the south
on old Highway 40 and the entire length
of their property on the west on Highway
Z. The 40 acres lies in a level or very
gently rolling area. The proposed con-
demnation condemns the property in the

southwest corner of appellants' 40 acre tract beginning about 250 feet west of the east boundary line on the south side of appellants' property, westward to Route Z and northward along Route Z to within about 250 feet of the north boundary line of said tract, beginning as a narrow strip, increasing in width rounding the southwest corner and then decreasing in width along Route Z, comprising 4.85 acres. The new highway being a limited access highway, the condemnation proceeding took from the appellants the right of ingress and egress to the highway of all the south boundary line lying along old Highway 40, along their 40 acre tract except the east 300 feet and all access along Route Z except approximately the north 250 feet. An overpass was built at the intersection of Route Z and proposed Highway 70 with the accompanying ramps which interfered with the view of the property from the new highway.

The appellants' witnesses testified that the appellants' property was ideally situated for commercial purposes; that the property was ideally located for a motel or large filling station or for a subdivision into acre tracts; that they had inquiries from people wanting just such tracts for development in this area. On cross-examination one of the witnesses testified that the Shell Oil Company was locating in the territory; that all four of appellants' witnesses were persons engaged in the sale of rural properties for years. The appellant George Anderson testified on cross-examination that he had been offered $4000 for two acres in the southwest corner.

The appellants' witnesses testified as to the value of the property before condemnation as follows: Appellant George Anderson $21,000 or $22,000, Earl Sprague $18,000, Berryman Allen $20,000, Maurice Brown $19,000, George Peak $20,000. As to the value after the condemnation of the approximate 35 acres left, the appellant George Anderson testified $10,000, Earl Sprague testified $7500 to $8000, Berryman Allen $10,000, Maurice Brown $7500, George Peak $12,675. The difference in

these figures ranged from $7325 to $11,000 net damage. All of the witnesses testified that after the condemnation that appellants' land could not be sold as commercial property.

The respondent's witnesses each testified that they did not consider this property as commercial property and considered it only as farm land. The witnesses for the respondent testified as to the value before the condemnation as follows: James Tucker at $10,775, Harry Gentry $10,825, Jack Blaylock $11,375. They testified that after the condemnation the approximate 35 acres would be worth, James Tucker $8550, Harry Gentry $8525, Jack Blaylock $9275, making a net damage of from $2100 to $2300. Mr. Tucker further testified that he appraised for loan companies and that he had never sold a farm in Boone County. Mr. Gentry testified that he principally dealt with city property; that he had sold no farms during the past year. Jack Blaylock testified that he appraised for the State Highway Commission; that he had been a real estate broker for a little over a year and he had sold no farms in the past year.

Both appellants' and respondent's witnesses testified that they had no listings east of Columbia to the Callaway County line along Highway 40. Part of the witnesses testified that they had buyers for commercial property in this vicinity but could obtain no listings east of Columbia along Highway 40 to Route Z or from Route Z to the Callaway County line.

The evidence shows the sale in February 1959 of an 80 acre farm for $27,500 a half mile east of the Anderson property which had no access to Highway 40 and was not on intersecting highways. Evidence was offered concerning the Tekotte farm sold in 1960 for $30,000 containing 141.17 acres located on a gravel road ¾ of a mile south of the junction of Highway 40 and Route Z. Also evidence as to the Rene property containing 68.45 acres sold January 28, 1957 located on the northeast corner of gravel road and Highway 40 for $23,000.

Appellants' initial complaint is that the trial court erred in overruling their motion for new trial on the ground that the verdict was against the weight of the evidence. The assignment lacks merit. As stated in the case of Roush v. Alkire Truck Lines, Inc., 245 S.W.2d 8, 10 (Mo.Sup.):

"We do not weigh the evidence in this action. We determine only whether the trial court abused its discretion in overruling plaintiff's motion for new trial on the ground of inadequacy of verdict."

And in Romandel v. Kansas City Public Service Co., Mo.Sup., 254 S.W.2d 585, 590, our Supreme Court also stated:

"But, apart from those facts, an assignment that the verdict is against the weight of the evidence is a 'matter to be decided solely by the trial court.' Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304, 306 [2]."

The appellants rely upon the case of State ex rel. and to Use of Piepmeier v. Camren, 226 Mo.App. 100, 41 S.W.2d 902. In that case the trial court filed a memorandum opinion indicating that it felt that the motion for new trial should be sustained, but overruled it based upon the erroneous assumption that the trial court did not have the authority to grant a new trial on the basis that the verdict was excessive. The appellate court properly held that the trial court erred in overruling the motion. This is certainly not the situation in the case at bar.

The other two cases cited by appellants deal with situations wherein the trial court *sustained* a motion for new trial.

There has been no showing of any abuse of discretion on the part of the trial court in this case.

The primary argument advanced by appellants, that the verdict is against the weight of the evidence, is founded upon the wide divergence in the expert opinions propounded by the witnesses for the respective parties. In Missouri Public Service Co. v. Hunt, Mo.App., 274 S.W.2d 27, 31, the plaintiff sought to condemn a right-of-way for an electric transmission line over a strip of defendant's vacant property. The expert witnesses for the landowner testified to net damages ranging from $6583.33 to $9187.50. The expert witnesses for the condemnor testified to net damages ranging from $250 to $350. The jury returned a verdict in the sum of $1250. In ruling on the point that the verdict of the jury was grossly inadequate this court stated:

"The final point urged by the defendants is that the verdict of the jury is grossly inadequate. They point out the great disparity between the estimates of the expert witnesses of plaintiff and those of the defendants. Such disparity is not a sound reason for an appellate court to disturb the verdict in a condemnation case. One qualified witness to the larger estimate is substantial evidence. Empire District Electric Co. v. Johnston, [241 Mo.App. 759] 268 S.W.2d 78; City of St. Louis v. Buselaki, [336 Mo. 693, 80 S.W.2d 853] supra. We find no grounds that would justify our interference with the jury's determination of the amount of damages."

Also, in Empire District Electric Company v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78, 83, the Springfield Court of Appeals stated:

"Plaintiff's final assignment is that the verdict was excessive and that a remittitur should be ordered. Although 'the appellate courts may in a proper case, interfere where the damages in condemnation are grossly excessive or inadequate', City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853, 857(9), it has been held repeatedly that an award of damages supported by substantial evidence will not be disturbed. City of St. Louis v. Schopp, 325 Mo. 480, 30 S.W.2d 733, 734(1); Prairie Pipe Line Company v. Shipp, [305 Mo. 63] supra, 267 S.W. [647] loc. cit. 650 (4), and cases there cited. A judgment in a condemnation proceeding should

not be disturbed 'because of a disparity in the testimony of witnesses or even because of a seeming preponderance of the evidence one way or another', City of St. Louis v. Gerhart Realty Co., 328 Mo. 103, 40 S.W.2d 661, 665(12); and, it has been held specifically that the opinion of one qualified witness as to the extent of damage 'would constitute substantial evidence'. City of St. Louis v. Buselaki, supra, 80 S.W.2d loc. cit. 857(7)."

Although appellants raised no objection to the qualifications of respondent's witnesses they state in their brief that these witnesses were uninformed and did not know the value of the property involved. Respondent's witnesses were experienced real estate brokers, two resided in Columbia, the other in Fulton. These three gentlemen gave an accurate description of appellants' farm indicating its terrain, the amount of tillable land and improvements. They testified to comparable sales of property in the area which they felt indicated an approximate value of $200 per acre for appellants' farm; that there was no commercial development and no demand for commercial land in the area of appellants' farm, and for that reason they had considered the highest and best use of appellants' tract to be farm land, as it had been consistently used for the previous 20 years. They further testified as to the exact basis of arriving at their valuation before and after the taking and each explained in detail the factors taken into account in determining the final damage.

■ Certainly appellants cannot seriously contend that the verdict was not supported by substantial evidence by the mere fact that the verdict was approximately $1000 higher than the evidence of respondent, while being approximately $4000 less than the lowest appraisal of the appellants. Surely a jury does not have to return a verdict in the exact amount of the appraisals presented by the landowner or the condemnor.

■ Appellants also contend that the trial court committed error in refusing their offer to prove by one of the jurors that the amount of the verdict was determined by the quotient method. It is the settled rule in this State that a juror will not be permitted to testify as to what transpired in the jury room in making up the verdict. McFarland v. Bellows, 49 Mo. 311; Philips v. Steward, 69 Mo. 149.

Finally appellants assert that it was error to give Instruction No. 2 on behalf of respondent. This identical instruction has been approved by our appellate courts in the following cases: State ex rel. State Highway Commission of Mo. v. Hartman, 226 Mo.App. 604, 44 S.W.2d 169, 171, 172; State ex rel. State Highway Commission v. Stoddard Gin Co., Mo.App., 62 S.W.2d 940, 941; State ex rel. State Highway Commission v. Farmer's Estate, Mo.App., 68 S.W.2d 721, 724; State ex rel. State Highway Commission v. Lindley, Mo.App., 96 S.W.2d 1065, 1073.

Finding no error in the transcript prejudicial to appellants, the judgment is affirmed. All concur.