**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

**v.**

**J. W. THURMAN et al., Exceptions of J. W. Thurman, et al., Respondents.**

**No. 37292.**

Missouri Court of Appeals, St. Louis District, Division Four.

April 26, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

---

Bruce A. Ring, Jefferson City, Richard E. Baker, Kirkwood, for appellant.

J. B. Schnapp, Schnapp, Graham & Reid, Fredericktown, J. W. Thurman, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for respondents.

ALDEN A. STOCKARD, Special Judge.

Trial in this condemnation case resulted in a jury verdict for just compensation in the amount of $39,500, and the Highway Commission has appealed. We reverse and remand.

Appellant Highway Commission condemned 13.17 acres of land, plus an easement for drainage over one-tenth of an acre and a temporary construction easement over seven-hundredths of an acre, for right-of-way purposes in the relocation and improvement of State Highway 21A in Jefferson County, Missouri.

Respondents have filed a motion to dismiss the appeal, and to award damages to respondents pursuant to Rule 84.19, for the asserted reason that the appeal is "frivolous." The basis for this contention is that (a) appellant does not claim in its brief that the verdict was excessive; and (b) the only errors claimed by appellant pertain to allegedly improper statements made by respondents' counsel during the opening statement or in argument to the jury which are relevant only to the issue of just compensation. Respondent argues that when no point is made that the jury award was excessive, contentions of error that pertain only to the issue of damages cannot be considered, and for that reason the appeal is frivolous.

Respondent relies primarily on *Chambers v. City of Kansas City,* 446 S.W.2d 833 (Mo.1969) and *McCormick v. Smith,* 459 S.W.2d 272 (Mo.1970). Both of these cases, and the others cited by appellant, were suits for personal injuries where there was at least one issue other than that of damages, that is, of liability. However, in a trial before a jury of exceptions in a condemnation case, the only issue is that of just compensation, frequently referred to as damages, to be paid to the condemnee for the taking. Therefore, any alleged error in the admission or exclusion of evidence or in oral argument could go only to the issue of the amount of the verdict. There is no other issue.

Respondent has cited no case which expressly holds that before it may be asserted on appeal that error occurred in the trial of exceptions in a condemnation case the condemnor, if appellant, must also assert the verdict was excessive, or the condemnee, if appellant, must also assert the verdict was inadequate.

In legal terminology the term "excessive" when used in reference to a verdict is a word of art. Generally speaking, in determining whether a verdict is excessive, the test is whether its size is such to shock the conscience of the court. *Scheidegger v. Thompson,* 174 S.W.2d 216 (Mo.App.1943). Also, it has repeatedly been held in condemnation cases that an award of just compensation when supported by substantial evidence will not be disturbed on appeal on the basis that it is excessive, *State ex rel. State Highway Commission of Missouri v. Hamel,* 404 S.W.2d 736 (Mo.1966), and as stated in that case, " 'it has been held specifically that the opinion of one qualified witness as to the extent of damage "would constitute substantial evidence." ' " A verdict that is supported by evidence, and therefore not excessive within that meaning and use of that term, could be substantially affected by the improper admission of evidence or improper argument.

Perhaps, strictly speaking, an appellant in a condemnation case should include in his points relied on a contention that the award is greater (or less) than just compensation because of the alleged improper evidence or argument. But, as previously noted, the amount of just compensation is the only issue in the trial of a condemnation case, and we consider it to be super technical to require a primer-like recitation of what is perfectly evident to opposing counsel and the appellate court.

We express no opinion concerning the correctness or desirability of the rule applicable to damage suits generally as reflected in *Chambers v. City of Kansas City,* supra, but this court in *State ex rel. Highway Commission v. Gravios Farmers Club,* 483 S.W.2d 786 (Mo.App.1972), refused to extend that rule "to require allegations of inadequacy as a prerequisite to considering allegation[s] of prejudicial error" in an appeal in a condemnation suit, and we now refuse to extend the rule to require a recitation of excessiveness as a prerequisite to the consideration of allegations of prejudicial error.

Respondents' motion to dismiss the appeal is denied.

In respondents' opening argument to the jury, counsel commented on the constitutional provision that private property may not be taken for public use without just compensation, and then said: "Of course, if we had a dictatorship, there wouldn't be that. But, you, the jury, are the people who are going to say what is fair and full. And at that moment, from now on, you are the strongest people not only in this courtroom but in the State of Missouri as it applies to this state or in the United States. You are the boss. I don't care how strong, how mighty Jefferson City might think it is." An objection was overruled with the comment "You may proceed."

During the closing argument, counsel for the Commission commented on the evidence presented by respondents as follows: "I think if a verdict was brought in in this court on the character and caliber and type of evidence produced on behalf of the property owners without any evidence by the State Highway Department, if it had ended

there, on that caliber of evidence, on behalf of a lawyer [referring to respondent J. W. Thurman] who tries condemnation cases himself, who did not bring in an engineer; who did not bring in an appraiser, who did not bring in a credible witness or a credible piece of evidence, then I think there's no point in a jury trial, that the State Highway Commission should simply ask a person: 'How much do you want' and avoid the problem."

In a closing argument respondents' counsel said this: "Mr. Baker made a statement to you—and I copied it. I hope its exactly accurate. And I think that this represents the State Highway Commission's attitude in this case. He said: 'There is no point'—I quote him—'in a jury trial.' That's what he told you. And my thought was—and I wrote it down—[an objection was overruled by the court with the instruction 'You may proceed']. He said 'there is no point in a jury trial.' And that proves that this highway department doesn't want a jury trial. They want to be dictators. They want to tell the Thurmans how much money the Thurmans can have, and you can take it or leave it, and I wrote it—[Another objection was overruled with the comment, 'You may continue']. Ladies and Gentlemen, on my dying oath, I wrote down, right after he said that: 'Thank the good Lord for the jury.' And I mean every word of it."

During the closing argument counsel for respondents referred to the expert witnesses for the Highway Commission and the fees that had been paid to them as appraisers, and then said: "And you see why you're here today. You know why you're in this jury box today. Because they want to give the Plaintiffs [defendants?] ten thousand dollars or so, justify their $30,000 a year fee, go back to St. Louis, have a party and laugh. But, country bumpkins—." An objection was overruled with the comment, "You may proceed."

Respondents make no attempt to justify the argument on its merits. They contend only as to the second incident that it was "fair rebuttal" to appellant's argument, and that even if it was erroneous it was invited

error, and as to the third incident that counsel should not be subject to unreasonable restraint but is allowed wide latitude in discussing facts and arguing inferences.

In *City of Jackson v. Barks,* 476 S.W.2d 162 (Mo.App.1972), this court stated that an argument by landowner that the taking was a "forceful taking" was prejudicial because, quoting from *State ex rel. State Highway Commission v. Goodson,* 365 Mo. 260, 281 S.W.2d 858, 861 (1955), it tended "'to inflame the minds of the jurors, to arouse their sympathy for the defendants and prejudice against the plaintiff, and for a verdict in a larger amount than warranted by an impartial consideration of the evidence.'" The argument as set out above was outside the evidence, and we consider it to be far more inflammatory than an argument that a taking was forceful, and when considered with the expression of approval by the court, it was clearly prejudicial. The argument requires a reversal of the judgment.

Appellant makes other assignments of error, but in view of the necessity to reverse the judgment we need not expressly rule them.

The judgment is reversed and the cause remanded.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.